Chase and another vs. Dodge.

---

CHASE and another, Respondents, vs. DODGE, Appellant.

*May 22 — June 20, 1901.*

*Action: " Real party in interest:" Colorable transfer of claim: Agency: Evidence: Instructions to jury.*

1. The assignee of a claim, holding the legal title by a transfer valid as against his assignor, is the "real party in interest" and the proper party to sue thereon, under sec. 2605, Stats. 1898; and the fact that such transfer is colorable only is immaterial unless the rights of creditors are involved or the right to interpose some defense or counterclaim supposed to be cut off by the assignment.

2. In an action upon accounts for goods claimed to have been sold to defendant through two persons, severally, who were alleged to have been his agents, the evidence as to the agency of each was

Chase and another vs. Dodge.

different, and the fact of the agency or nonagency of one had no bearing upon the accounts incurred by the other. *Held,* that it was confusing and therefore error to charge the jury that if defendant authorized said persons "or either of them" to secure the goods, or if he held them out, "or one of them, as his agents or agent to incur these debts, or some of them," they must find for plaintiffs.

APPEAL from a judgment of the circuit court for Crawford county: GEO. CLEMENTSON, Circuit Judge. *Reversed.*

Plaintiffs sue to recover for a bill of merchandise alleged to have been sold defendant through his agent Miller. They also claim to be assignees of several accounts contracted under similar circumstances, except as to the account of P. T. Andrews. The greater portion of this account was incurred by one Martin, who was also claimed to be defendant's agent. The defendant answered by way of general denial.

During the progress of the trial the defendant obtained leave to amend his answer by setting up that as to the assigned accounts the plaintiffs were not the real parties in interest, and that said accounts were in fact owned by the persons who in fact sold the goods. The plaintiffs introduced in evidence formal written assignments of each account, and at the close of the testimony the court ruled that such assignments were valid and carried title thereto to plaintiffs, and refused to submit the matter to the jury.

The chief controversy arose over the question of whether Miller and Martin were in fact agents of the defendant, with authority to bind him for the purchase price of the goods mentioned in the several accounts. The jury found for the plaintiffs upon each of the accounts.

A motion to set aside the verdict and for a new trial resulted in the court entering an order granting the same. unless the plaintiffs should remit therefrom the sum of $18.50, being the amount of the account of Joseph Brothers, assigned to them. This was done, and judgment was entered for plaintiffs for $120.85, with costs. The defendant takes

Chase and another vs. Dodge.

this appeal, and claims that the judgment should be reversed because the evidence shows plaintiffs were not the real parties in interest; because the evidence fails to show 'that Miller and Martin were defendant's agents; and because the court erred in his instructions to the jury.

For the appellant the cause was submitted on the brief of *O. B. Thomas.*

For the respondents there was a brief by *Graves & Mahoney* and *A. F. Drew*, and oral argument by *C. W. Graves.*

BARDEEN, J. 1. The rule that every action must be prosecuted in the name of the real party in interest, under sec. 2605, Stats. 1898, is imperative, but is satisfied when it is shown that the party suing is the one who has the right to control and receive the recovery. *Landauer v. Espenhain,* 95 Wis. 169. Our statute was taken from New York. In *Cummings v. Morris,* 25 N. Y. 625, it was said:

" If, as between the assignor and assignee, the transfer is complete, so that the former is divested of all control and right to the cause of action, and the latter is entitled to control it and receive its fruits, the assignee is the real party in interest, whether the assignment was with or without consideration, and notwithstanding the assignee may have taken it subject to all equities betweeen the assignor and third parties."

In a subsequent case (*Sheridan v. New York*, 68 N. Y. 30) the plaintiff sued on an assigned claim, and on the trial produced a written assignment, properly executed, in terms transferring absolutely, for a valuable consideration, the demand in suit. The trial court submitted to the jury the question of whether this was a sham transaction. The court disposed of the case in the following language:

" Precisely what the learned judge meant by a sham transaction, as applied to the transfer of the demand, is not very apparent; but I infer from this and other parts of the charge that he intended to charge that, although a legal title to the claim was transferred to the plaintiff and the as-

Chase and another vs. Dodge.

signment was valid as against the assignee, yet, if the jury
believed that the transaction was colorable (that is, that by
any private or implied understanding the transfer was not
intended as *bona fide,* or an actual and real sale of the de-
mand, as between the parties) the plaintiff could not re-
cover. In this, with great respect, I think the learned judge
erred. A plaintiff is the real party in interest, under the
Code, if he has a valid transfer as against the assignor, and
holds the legal title to the demand. The defendant has no
legal interest to inquire further. A payment to or recovery
by an assignee occupying this position is a protection to the
defendant against any claim that can be made by the as-
signor."

This case was cited with approval in *Crowns v. Forest L. Co.*
99 Wis. 103, and settles the question against the contention
of the defendant. The plaintiffs produced formal written
assignments of the several claims sued upon, which were
rightfully held to carry the title to the demands to them.
Even if the court had submitted the question to the jury,
and they had found that the transfer was only colorable as
between the parties, yet that would constitute no defense
on the ground that plaintiffs were not the real parties in
interest. Such an inquiry might become material if the
rights of creditors were involved, or upon the right of in-
terposing some defense or counterclaim supposed to be cut
off by the assignment. *Sheridan v. New York, supra.* No
such considerations were presented in this case, and the trial
court was manifestly right in refusing to submit the matter
to the jury.

2. It is further argued that there is no proper evidence in
the case establishing these claims against the defendant.
We have carefully reviewed the record, and, without enter-
ing into a formal discussion of the many facts involved, we
are convinced that there was sufficient evidence to submit
to the jury on the question of whether Miller and Martin
were held out as agents of defendant.

3. One of the facts made prominent on the trial was that

defendant had recognized Martin as his agent, and paid debts which he had contracted in getting out the staves. The defendant expressly denied that either Miller or Martin was employed to run camps for him. He further said that he had never authorized Miller to represent himself as his agent. All of the claims sued upon were incurred by Miller, except a portion of the Andrews claim, which was for goods delivered to Martin. The chief controversy was in reference to the goods obtained by Miller. The court repeatedly told the jury that if the defendant expressly authorized "Martin and Miller, or either of them," to secure the goods in controversy, they must find in favor of the plaintiffs. In like manner he told them that if the defendant, by his words or conduct, "held out Martin and Miller, or one of them, as his agents or agent to incur these debts, or some of them," he was responsible for the indebtedness thus incurred. The circumstances in relation to the two men named were not at all similar. With reference to Martin, the defendant had seemingly recognized his obligation to pay, or had in fact paid, some of the debts incurred by him. This fact did not necessarily establish the agency of Miller; hence, when the court, in the charge, placed them on the same footing, by the frequent use of the words " Martin and Miller, or either of them," he led the jury to understand that, if they found the facts stated with reference to either, a recovery for plaintiff would follow. This was not necessarily so; for there was evidence from which the agency of Martin might have been found and a contrary conclusion warranted with reference to Miller. The fact of Martin's agency or nonagency had no bearing upon the accounts which had been incurred by Miller. The fault of the court was in confusing the two situations and putting them on the same plane. The court should have singled out the circumstances with reference to each of the accounts sued upon, so that the jury might have considered them unembarrassed

by other considerations.  In other words, the court should have told the jury that the plaintiffs' claim, and the other claims standing on the same footing, should be considered and determined with reference to the facts in evidence showing that Miller was defendant's agent.  The failure to keep the two situations separate manifestly left the jury in confusion and is fatal to the judgment.

*By the Court.*— The judgment is reversed, and the cause is remanded for a new trial.