LEE, Respondent, vs. YOUNG, Appellant.

*September 14—October 3, 1911.*

*Pleading: Answer: General denial: Right of plaintiff to sue: Waiver of objection.*

In an action by an individual upon a contract alleged to have been made with him, defendant may under a general denial show that the contract was made with a corporation and not with plaintiff individually. Such defense being one which goes to the cause of action itself and if true shows that plaintiff is an entire stranger thereto, the rule is not applicable which requires the objection that plaintiff is not the real party in interest to be taken specifically by answer or demurrer. *Robbins v. Deverill*, 20 Wis. 142, distinguished.

APPEAL from a judgment of the circuit court for Douglas county: FRANK A. Ross, Circuit Judge. *Reversed.*

The complaint alleged that on or about June 1, 1909, the plaintiff was engaged in business in the city of Superior as a stock broker, trading under the name of M. W. Lee & Company, and at the request of the defendant purchased for him 100 shares of Lake Superior & Sonora Copper Company stock and 100 shares of Cordova Copper Company stock, for which defendant agreed to pay plaintiff $195.25; that of this amount $128.75 has been paid, leaving a balance due of $66.50, with interest. Defendant answered by a general denial of the allegations of the complaint. Trial was had in the municipal court, where plaintiff recovered judgment, from which judgment defendant appealed to the circuit court. At the close of the testimony the court directed a verdict for the plaintiff for damages and costs, and from this judgment defendant appeals.

The cause was submitted for the appellant on the brief of *Hanitch & Hartley,* and for the respondent on a brief signed by *G. H. Winsor,* attorney, and *W. E. Haily,* of counsel.

BARNES, J.    The defense attempted to be interposed was
that the contract sued on was made with "M. W. Lee & Com-
pany," incorporated, and not with *M. W. Lee* individually.
The answer of the defendant was a general denial, and the
respondent insists that the judgment is right (1) because the
objection that the plaintiff was not the real party in interest
must be raised by answer or demurrer, and if not so raised it
is waived, and (2) because the evidence offered by the defend-
ant would not warrant the jury in returning a verdict in his
favor.

The plaintiff alleged that the defendant entered into a con-
tract with him, on which there was a balance due.    This the
defendant denied.    We see no reason why such denial did
not require the plaintiff to prove the allegation of his com-
plaint.    This he did not do if the proof showed that the con-
tract was made between defendant and a third party, and
the corporation was a third party no matter how much of its
stock the plaintiff owned.    *Button v. Hoffman,* 61 Wis. 20,
20 N. W. 667.    The plaintiff was not a proper party to the
action if the contract was in fact made with the corporation.
It was held in *Robbins v. Deverill,* 20 Wis. 142, that the ob-
jection that an action was not brought in the name of the real
party in interest must be taken advantage of by demurrer or
specifically by answer, and we are informed by the appellant
that the court relied on this decision in directing a verdict.
In the case cited the plaintiff was a proper party to the action
and in conjunction with others was the owner of a cause of
action.    The defense relied on in the case before us is one
which goes to the cause of action itself as regards the plaint-
iff, and one which if true shows that the plaintiff is an entire
stranger to the cause of action which he attempts to enforce.
Such a defense is available under a general denial.    The
case of *McKenney v. Minahan,* 119 Wis. 651, 97 N. W. 489,
is quite analogous, the only difference being that it was there
claimed that the objection that plaintiff *had not the legal ca-*

*pacity to sue* was waived unless specifically pleaded. The court held that as to the facts of that case such rule had no application, and that where the objection went to the cause of action itself and it appeared that under no circumstances and in no capacity could the plaintiff maintain the action, a general denial was sufficient to raise the issue.

Directly in point is the case of *Hilliard v. Wis. L. Ins. Co.* 137 Wis. 208, 212, 117 N. W. 999. There the question was whether the objection that the plaintiff who sued on a life insurance policy was not the real party in interest was waived if not specifically raised by answer or demurrer. Speaking of a pretended owner who sues to enforce a cause of action the court says:

"In such a situation the infirmity of plaintiff's position goes to the very foundation of the claim of right. If it is put in issue by a denial the burden is upon him to establish it. The fact showing such infirmity is not matter in abatement nor new matter required, in order to be available, to be pleaded specially. The general rule under the Code is that any matter of fact alleged in the complaint which the plaintiff must establish to make out his cause of action may be disproved under a general denial."

It follows that the defendant might, under the pleadings, show that he contracted with the corporation.

On the second question argued we are satisfied that there was sufficient evidence to warrant a jury in finding that the contract was made with the corporation. We assume from the uncontradicted statement made in appellant's brief that the trial court did not hold that the evidence relied on by defendant was insufficient to present a jury question. In any event we fail to see how a recital of the evidence would be helpful to the parties or useful to the profession.

*By the Court.*—Judgment reversed, and cause remanded for a new trial.