NATTER v. ISAAC H. BLANCHARD CO.

(Supreme Court, Appellate Division, First Department. December 20, 1912.)

1. PARTIES (§ 19*)—NECESSARY PARTIES—JOINT CONTRACT.

Where a contract recited that plaintiff and another jointly assigned to defendant all their interest in the publication of certain books, in consideration of a joint participation in 22 per cent. of the net profits or loss of the venture, plaintiff to represent both assignors, the arrangement for the division of the 22 per cent, to be made between the plaintiff and his fellow assignor, the contract was a joint one for the benefit of both plaintiff and his assignor, both being interested therein; and hence both at common law and under Code Civ. Proc. §§ 446, 448, 452, providing that all persons interested in the subject-matter may join as plaintiffs, that if a necessary party refuse to join as plaintiff he may be made a defendant and that where a complete determination of the controversy cannot be had without the presence of other parties, the court must direct them to be brought in, plaintiff cannot maintain the action alone, but must either join his coassignor as plaintiff or defendant.

[Ed. Note.—For other cases, see Parties, Cent. Dig. §§ 19–23; Dec. Dig. § 19.*]

2. PARTIES (§ 10*)—NECESSARY PARTIES—JOINT PLAINTIFF.

A joint contract, whereby plaintiff and another assigned to defendant their interest in certain books, providing that plaintiff should represent both, does not authorize plaintiff to maintain a separate action on the contract; the fact that he was managing partner not changing its joint nature.

[Ed. Note.—For other cases, see Parties, Cent. Dig. § 12; Dec. Dig. § 10.*]

3. PARTIES (§ 7*)—NECESSARY PARTIES—"TRUSTEE OF AN EXPRESS TRUST."

A managing partner, or one authorized by joint contract to represent his joint coparty, is not a "trustee of an express trust," within Code Civ. Proc. § 449, authorizing suit by the trustee of an express trust without the joinder of the person for whose benefit the action is prosecuted.

[Ed. Note.—For other cases, see Parties, Cent. Dig. §§ 9–11; Dec. Dig. § 7.*

For other definitions, see Words and Phrases, vol. 8, pp. 7134–7136.]

4. ACTION (§ 50*)—IMPROPER JOINDER OF ACTIONS.

An individual cause of action in favor of the plaintiff cannot be joined with the joint cause of action in favor of him and a coparty.

[Ed. Note.—For other cases, see Action, Cent. Dig. §§ 511–547; Dec. Dig. § 50.*]

Appeal from Special Term, New York County.

Action by J. Lewis Natter against the Isaac H. Blanchard Company. From an interlocutory judgment overruling a demurrer to complaint, defendant appeals. Reversed and remanded, with leave to plaintiff to serve an amended complaint.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and MILLER, JJ.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Alfred E. Ommen, of New York City, for appellant.
William J. Bolger, of New York City, for respondent.

CLARKE, J. The defendant is a domestic corporation. The complaint alleges that on or about February 15, 1911:

"The plaintiff and one H. C. Prichard entered into an agreement with the defendant, in and by which the defendant agreed to pay to the plaintiff 22 per cent. of the net profits of a joint venture in the publication of certain books, and on or about the 20th day of April, 1911, entered into a further agreement by which the percentage of the profits was increased from 22 per cent. to 30 per cent. as by a reference to the said contract annexed and made a part of this complaint will more fully appear. That the plaintiff and the defendant entered upon the performance of the said agreements, and the plaintiff duly performed all the covenants and conditions and agreements upon his part to be performed. That the said contract resulted in a profit of $4,000, as the plaintiff is informed and believes, which sum the plaintiff has demanded from the defendant, and which the defendant has neglected and refused to pay."

And for a second cause of action: That on or about the 1st day of July, 1910, the plaintiff and defendant entered into an agreement by which the plaintiff agreed to solicit business for the defendant, and the defendant agreed to employ and pay the plaintiff for such work, according to the terms of said contract, 40 per cent. of the total profit of each and every job accepted by the defendant and secured by the plaintiff. That the plaintiff duly performed, and that the profits exceeded the sum of $4,000, which has been demanded, and payment thereof refused. And judgment is demanded upon both causes of action for $8,000.

[1] The contract alluded to in the first cause of action, and annexed to the complaint, is in the form of a letter from the defendant, addressed to Messrs. Natter & Prichard, the material parts of which are as follows:

"Gentlemen: Pursuant to our conversation of yesterday's date, it is understood that you jointly and severally agree to turn over to the Isaac H. Blanchard Company all your right, title, and interest in and to the publication of a book or books descriptive of the Pennsylvania Railroad Company and its recent developments, in consideration of a joint participation in 22 per cent. of the net profits or loss of the venture, we to deal with Mr. J. L. Natter as representing you both, you to make your own arrangements for the subdivision of the 22 per cent. as between yourselves. * * * It is also agreed that Mr. J. L. Natter shall at any time during the life of this contract have access to all the records, documents, and detailed workings of the proposition during the life of the same, for the purpose of determining the cost, profit, et cetera. * * * If the foregoing conforms to your understanding of the situation, your acceptance at the bottom of this letter will constitute an agreement mutually binding."

This was signed by the defendant and undersigned:

"Accepted: J. L. Natter. H. C. Prichard."

A demurrer was interposed to the complaint, upon the ground, first, of a defect of parties; and, second, upon the ground that causes of action were improperly united; and, the demurrer having been overruled, the defendant appeals.

The complaint, while it alleges that the plaintiff and Prichard en-

tered into an agreement with the defendant, further alleges that the *plaintiff* and the defendant entered upon performance, and the *plaintiff* duly performed. The contract was made with Natter and Prichard, who jointly and severally agreed to turn over their right in certain books in consideration of a joint participation in 22 per cent. of the net profits or loss of the venture. Natter and Prichard were, therefore, joint owners of the subject-matter of the contract, to wit, the right, title, and interest in and to the publication of the books turned over to the defendant, and entitled to a joint participation in the designated percentage of the net profits or loss of the venture. They were, therefore, as between themselves, either partners or joint adventurers.

It is not alleged that Prichard had assigned his interest to the plaintiff, nor is it explained why he was not made a party plaintiff. If for any reason he had refused to sue as plaintiff, Natter should have joined him as a defendant. There is no allegation that Natter and Prichard duly performed, but solely that the plaintiff duly performed.

"The rule governing the joinder of plaintiffs in a common-law action turned on the distinction between joint and several interests. Whether the action arose from a contract or from a tort, if defendant was legally answerable to two or more jointly, they should all, at common law, join as plaintiffs in the action, unless a valid excuse for the nonjoinder appears upon the face of the pleading. * * * The right of action was in the promisees collectively, and only so. No agreement between the promisees enables them to sue separately." 30 Cyc. 106.

Section 446 of the Code of Civil Procedure provides that:

"All persons having an interest in the subject of the action, and in obtaining the judgment demanded, may be joined as plaintiffs, except as otherwise expressly prescribed in this act."

Section 448 provides:

"Of the parties to the action, those who are united in interest must be joined as plaintiffs or defendants, except as otherwise expressly prescribed in this act. But if the consent of any one, who ought to be joined as plaintiff, cannot be obtained, he may be made a defendant, the reason therefor being stated in the complaint."

And section 452 provides that, where a complete determination of the controversy cannot be had without the presence of other parties, the court must direct them to be brought in.

In Dob. v. Halsey, 16 Johns. 34, 40 (8 Am. Dec. 293), the court said:

"In actions arising ex contractu, where the legal interest is joint, those in whom such interest is vested must, if living, join in an action for the breach of such contract; and the objection may be made upon the trial, as a ground of nonsuit, upon the general issue, if it appears that there is another person living, not made a party, who has a joint interest in the contract. 1 Chitty, Pl. 6, 7. If the fact appears on the face of the declaration, it is good cause for arresting, or reversing the judgment."

In Capen v. Barrows, 1 Gray (Mass.) 376, 379, Metcalf, J., said:

"It is a settled rule of construction that, when the legal interest in a covenant and in the cause of action thereon is joint, the covenant is joint, although it may, in its terms, be several, or joint and several."

And after citing Broome's propositions he said:

"The covenants in suit, not being in terms either joint or several, are capable of being construed according to the interest of the covenantees. And their interest, legal and beneficial, is clearly joint and not several. They were copartners, and the interest of each is the same in kind and amount, and each is equally injured by a breach of those covenants. And the defendant ought not to be held liable in two actions in the same breach. * * * The fact that they were interested in the covenants in unequal proportions had not, in itself, any legal tendency to show that the covenants were not joint."

[2] The situation is not changed by the provision of the contract in regard to Mr. Natter representing both himself and Prichard, and providing that he should have access to the records and documents. This was for purposes of convenience merely, and at the utmost could be construed as making him a managing partner.

In Brainerd v. Bertram, 5 Abb. N. C. 102, the General Term of the First Department affirmed an order sustaining a demurrer to the complaint, where a managing partner of a partnership of more than 40 partners had sued, on the opinion of Van Vorst, J., at the Special Term, who said:

"The fact that the plaintiff is the managing partner gives him no legal right to bring an action in his own name for the recovery of an indebtedness to the copartnership. The general rule is that every action must be prosecuted in the name of the real parties in interest (Code, § 111), except as provided in section 113. * * * It is not impracticable to bring in, as plaintiffs, all the partners. And I think the defendant has the right to demand that those united in interest should be named as plaintiffs, and that they should take the responsibility of the litigation."

[3] There is a provision in the Code which permits an action to be brought by the trustee of an express trust. Section 449:

"* * * A trustee of an express trust * * * may sue without joining with him the person for whose benefit the action is prosecuted. A person, with whom or in whose name, a contract is made for the benefit of another, is a trustee of an express trust, within the meaning of this section."

[4] We do not think that the plaintiff comes within the provisions of said section, because it is not set up in the complaint that he is such trustee, or that he sues in such capacity. Even if he should be held to be such trustee, he could take no comfort, because the second cause of action is clearly brought in his individual capacity, upon his personal contract, so that in any event there is an improper joinder of actions.

The interlocutory judgment appealed from should therefore be reversed, and the demurrer sustained, with costs and disbursements to the appellant in this court and the Special Term, with leave to the plaintiff, upon payment of such costs, to serve an amended complaint within 20 days. All concur.