STATE EX REL. KRATCHE, Appellant, vs. CIVIL COURT OF MILWAUKEE COUNTY and another, Respondents.

*December 5, 1922—January 9, 1923.*

*Mandamus: When writ issues: Erroneous rulings of inferior tribunals: Motion to strike out name of party plaintiff: Ruling: How reviewed.*

1. No appeal lies from an order refusing to strike out the name of a party plaintiff; and while a special ground for demurrer is provided in case of defect of parties, there is no specific ground provided for an excess of parties. It appears, however, that a motion to strike out the allegations with respect to a party plaintiff who has no interest in the subject matter of the action is a proper proceeding.

2. *Mandamus* is not the proper remedy by which to correct or reverse erroneous rulings of inferior tribunals, whether interlocutory or final, that being the office of a writ of error or an appeal.

3. The civil court of Milwaukee county having refused, on defendant's motion, to strike out the name of the mother as a party plaintiff in an action brought by her and her husband to recover for the death of their infant child, a writ of *mandamus* issued out of the circuit court to compel the civil court to strike out such name was improperly granted, as the error, if any, of the civil court is subject to review in an appeal from the judgment. *State ex rel. T. L. Smith Co. v. Superior Court,* 170 Wis. 385, and *State ex rel. Fourth Nat. Bank v. Johnson,* 103 Wis. 591, distinguished.

APPEAL from an order of the circuit court for Milwaukee county: E. T. FAIRCHILD, Circuit Judge. *Dismissed.*

The appeal is from an order overruling the demurrer of the petitioner herein to the return of the civil court of Milwaukee county to an alternative writ of *mandamus* issued out of said circuit court to said civil court.

An action was begun in the civil court of Milwaukee county by Max Levy and Frances Levy, his wife, plaintiffs, against one *Rudolph Kratche,* defendant, for the recovery of damages on the ground of defendant's alleged negligence

resulting in the instantaneous death of the four-year-old daughter of the plaintiffs.

The defendant in such civil court action appeared and moved to strike out the name of Frances Levy, for the reason that any damages recoverable belong to the father of the deceased, and that therefore the mother is an improper and unnecessary party plaintiff. The motion to strike out the name of the mother was denied by the civil court, and an application was thereupon made to the circuit court for Milwaukee county, under the supervisory power of such court provided for in sec. 8, art. VII, of the constitution, to compel said civil court as an inferior court to strike out the name of the mother of the deceased as a party plaintiff. An alternative writ of *mandamus* thereupon issued out of said circuit court directing the civil court to strike out the name of the mother of said deceased as a party plaintiff, or to show cause why a permanent writ should not issue affording the relief sought. The civil court thereupon made its return to such alternative writ, to which the petitioner herein demurred, which demurrer was overruled by the circuit court, and from which ruling this appeal was taken.

For the appellant there was a brief by *Schoetz & Williams* of Milwaukee, and oral argument by *Clifton Williams.*

*Leo Reitman* of Milwaukee, for the respondents.


DOERFLER, J.   It is stated in petitioner's brief herein that the proceedings by *mandamus* are brought under the authority of *State ex rel. T. L. Smith Co. v. Superior Court,* 170 Wis. 385, 175 N. W. 927, and similar cases.

The supervisory control provided for in the constitutional provision above referred to is a separate, independent grant of jurisdiction, which, as construed in *State ex rel. Tewalt v. Pollard,* 112 Wis. 232, 87 N. W. 1107, is irrevocably vested in the circuit court. In the *Smith Case,* in

referring to such supervisory control, it is said in the opinion, rendered by the present Mr. Chief Justice VINJE:

"Its function is (a) to compel inferior tribunals to act within their jurisdiction, (b) to prohibit them from acting outside their jurisdiction, and (c) to reverse their extra-jurisdictional acts. *State ex rel. Milwaukee Med. College v. Chittenden,* 127 Wis. 468, 512, 107 N. W. 500."

It is conceded by counsel for petitioner that no appeal lies from the order of the court refusing to strike out the name of the mother as a party plaintiff. It is also conceded that while a special ground for demurrer is provided by sec. 2649, Stats., for defect of parties, no specific ground is provided for an excess of parties. *Kucera v. Kucera,* 86 Wis. 416, 57 N. W. 47; *Wunderlich v. C. & N. W. R. Co.* 93 Wis. 132, 66 N. W. 1144. It would appear, however, that a motion to strike out the allegations with respect to a party plaintiff who has no interest in the subject matter of the action is a proper proceeding. *Marsh v. Waupaca Co.* 38 Wis. 250.

So that, under the law as above referred to, it is claimed by petitioner's counsel that, assuming that his contention that the mother has no interest in the subject matter of the action, and that the damages recoverable, if any, belong to the father, is correct, to require the defendant to defend against the alleged cause of action of the mother would not only tend to prejudice the defendant but would also involve the trial of a useless controversy and the incurring of unnecessary expense. Furthermore, defendant's counsel claims that if the mother is entitled to a recovery, under the decision in *Brickner v. Kopmeier,* 133 Wis. 582, 113 N. W. 414, she has a separate and independent cause of action, and that her action cannot be joined with that of the father.

We have first presented the question whether *mandamus* is a proper remedy in this case. The application herein, if included in any of the functions of a writ of *mandamus* as

set forth in the *Smith Case, supra,* must come under sub. (a), namely, to compel inferior tribunals to act within their jurisdiction.  This is not a case where the civil court refused to act, but where it did act promptly when the legal question involved was presented.

*Mandamus* is not the proper remedy by which to correct or reverse erroneous rulings of inferior tribunals, whether interlocutory or final, that being the office of a writ of error or an appeal.  18 Ruling Case Law, 360; *State ex rel. Fourth Nat. Bank v. Johnson,* 103 Wis. 591, 623, 624, 79 N. W. 1081.

In the *Johnson Case* the writ was granted under very exceptional and extraordinary circumstances.  It appears that in that case an assignee for the benefit of creditors violated express provisions of the statutes; and it further appears that unless prompt and speedy relief were granted by the issuance of the writ, numerous claims in favor of the assignee would become lost to the creditors by the operation of the statute of limitations.  The *Johnson Case* is a typical case which involves facts under and pursuant to which an inferior tribunal may be compelled to act within its jurisdiction, and it was held in that case that the issuance of the writ did not constitute an exception to the general rule, because only one course was open to the circuit court upon the facts presented, and the pursuance of that course therefore became the plain and absolute duty of such court, and the refusal became in fact a failure to perform a duty within its jurisdiction.  *State ex rel. Fourth Nat. Bank v. Johnson,* 103 Wis. 591, 79 N. W. 1081.

No such showing as was made in the *Johnson Case* appears in the instant case.  The error of the inferior tribunal, if any, was subject to review on an appeal from the judgment.

In the *Smith Case,* which involved the jurisdiction of the superior court of Dane county, the court attempted to

retain jurisdiction after a proper motion had been made to change the venue to Milwaukee county, upon the ground that relator's residence was there, and, such court having lost jurisdiction, this court held that *mandamus* was a proper remedy to prohibit the inferior court from acting outside of its jurisdiction. In other words, the superintending control of the circuit court was expressly designed, among other things, to reach a situation such as was involved in the *Smith Case.*

We therefore hold that the writ was improperly granted in the instant case, and that the issue involved in the motion to strike out cannot be considered. The appeal herein must therefore be dismissed.

*By the Court.*—Appeal dismissed, and cause remanded to the circuit court with instructions to quash the alternative writ of *mandamus* and to remand the cause to the civil court for further proceedings according to law.