OELAND, Respondent, vs. WOLDENBERG and another, Appellants.

*December 12, 1924—January 13, 1925.*

*Municipal corporations: Violation of ordinance relating to fire limits: Injunction: Who may bring action: Real party in interest.*

1. The moving of a wooden building from one portion of a lot to another within the fire limits and the replacing of it, in so far as it was a violation of city ordinances, is primarily the subject of prosecution by the city authorities.   p. 512.
2. Whether an allegation in the complaint that the building, if moved, would constitute a continuing fire nuisance, considered in connection with other facts therein stated, be construed as intending to charge a breach of defendants' common-law duty or of a municipal ordinance, plaintiff seeking to enjoin the moving must show some injury to his special property right as distinguished from the right of the general public.   p. 512.

3. The right to maintain an action to enjoin threatened injury to an apartment building owned by a corporation is in the corporate owner and not in any stockholder, even if he be its president and manager. p. 512.

APPEAL from an order of the circuit court for Dane county: E. RAY STEVENS, Circuit Judge. *Reversed*.

The demurrer to the amended complaint was overruled. The latter in substance recited that the plaintiff is and has been a resident taxpayer of the city of Madison, said county. That a Wisconsin corporation, the Hawthorne Investment Association, owns a building called "Hawthorne Apartments" located on Hawthorne Court in said city. That plaintiff is a stockholder in, president, and manager of said corporation. That the defendants were moving a three-story frame building belonging to and located on the real estate of defendant *Woldenberg* from one part of such real estate to another, so that, when the movement was completed, such building would be placed opposite to and within seventy-five feet of said Hawthorne Apartments. That both of said buildings are within the established fire limits of said city. That such moving and replacing of defendants' building would be a violation of the ordinances of said city and "will constitute a continuing fire menace to the said Hawthorne Apartments and to the interests of plaintiff." That the Madison common council by resolution attempted to authorize such threatened removal and the commissioner of buildings of said city issued a pretended permit therefor, each of which was wrongful and without authority. That the plaintiff has no adequate remedy at law, in that the city attorney of Madison, although so requested, refuses to issue a warrant for defendants' arrest or to prosecute them for such removal so in alleged violation of the city ordinances.

The relief prayed was that defendants surrender for cancellation the aforesaid permit and be restrained from so moving the building.

The defendants' demurrer was, first, that the court has no jurisdiction of the subject of the action; second, that the

plaintiff has no legal capacity to sue; third, that not sufficient facts are stated to constitute a cause of action.

Defendants appeal from an order overruling such demurrer.

The cause was submitted for the appellants on the brief of *Rufus B. Smith* of Madison, and for the respondent on that of *James J. McDonald* of Madison.

ESCHWEILER, J.    The removal by defendants of the wooden building in question from one portion of the lot to another and the replacing of it, in so far as it was charged to be a violation of city ordinances, is primarily the proper subject of prosecution by the city authorities. *Waupun v. Moore,* 34 Wis. 450.

The allegation in the complaint to the effect "that, if said building is moved to its proposed location, it will constitute a continuing fire menace to the said Hawthorne Apartments and to the interests of plaintiff," when considered in connection with other facts therein recited, may be construed as intending to charge a breach of the common-law duty resting on the defendant owner of not making an improper or unlawful use of his property so as to injure another.

In either aspect of the complaint, one seeking such relief as is here prayed must show that some special property right of his, as distinguished from the right of the general public, has been invaded. *Tilly v. Mitchell & Lewis Co.* 121 Wis. 1, 5, 98 N. W. 969; *Anstee v. Monroe L. & F. Co.* 171 Wis. 291, 293, 177 N. W. 26; *Holzbauer v. Ritter,* 184 Wis. 35, 198 N. W. 852; 29 Cyc. 1165; 20 Ruling Case Law, 477.

The only possible threatened danger is to the Hawthorne Apartments, which are owned, not by the plaintiff but by a corporation, Hawthorne Investment Association, not a party here.    The right to resort to equity to prevent such possible injury to that building is in the owner thereof, the corporation, and not in any one stockholder though he be, as here, also its president and manager.    If this individual stockholder may resort to his individual action so might any one

or more of other stockholders, and the owner, the corporation, take no part though being the one having single ownership.

In such situation it is clearly the corporate entity and not a stockholder that is the proper and real party in interest to bring such action. The substantial distinction between the two in such a situation has been pointed out in *Button v. Hoffman*, 61 Wis. 20, 23, 20 N. W. 667; *Lee v. Young*, 147 Wis. 53, 54, 132 N. W. 595; *Petersen v. Elholm*, 130 Wis. 1, 7, 109 N. W. 76; and again spoken of in *Estate of Shepard*, 184 Wis. 88, 197 N. W. 344. The same rule is announced in *Converse v. Hood*, 149 Mass. 471, 21 N. E. 878; 14 Corp. Jur. 294; 7 Ruling Case Law, 305. The question as to the right of the plaintiff to sue as such individual stockholder was presented by the demurrer, and for the reasons stated it should have been sustained.

*By the Court.*—Order reversed, and cause remanded for further proceedings according to law.