BJORKQUIST, Executrix, and another, Appellants, vs.
REUTEMAN, Respondent.

*September 17—October 12, 1926.*

*Action: Misjoinder of causes: Accounting in equity by trustee:
Matters involving real and personal property: Misjoinder of
parties: Plaintiff in individual and representative capacities.*

1. There is not a misjoinder of causes of action in a complaint
   which prays an accounting in equity by a trustee, although
   such accounting will involve matters relating to personal
   property and matters relating to real estate.  p. 174.
2. The complaint is not demurrable because the plaintiff in her
   individual capacity was made a party plaintiff as well as in
   the capacity of an executrix, as the rights of the defendant
   are not prejudicially affected.  p. 174.

APPEAL from an order of the circuit court for Milwau-
kee county: AUGUST E. BRAUN, Circuit Judge. *Reversed.*

For the appellants there was a brief by *Phillips & Phillips*
of Milwaukee, and oral argument by *Joseph Phillips.*

For the respondent the cause was submitted on the brief
of *Orth & Orth* of Milwaukee.

ROSENBERRY, J.  This is an appeal from an order sus-
taining a demurrer to the plaintiffs' complaint.  The com-
plaint in this case cannot be said to be a work of art, and it
is contended by the defendant in support of the demurrer
that there is a misjoinder of causes of action.  The com-
plaint sets out that the deceased, Fred Bjorkquist, entered
into a certain trust agreement with one August Richter,
Jr.; that thereafter said Richter died and the defendant
was substituted as trustee for Richter; alleged that the trust
had been fully executed and seeks an accounting from the
trustee.  Because it appears from the complaint that an
accounting will involve matters relating to personal prop-
erty and matters relating to real estate, it is claimed that
two causes of action are set out.  This claim is untenable.

There is but one cause of action set out and that is for an accounting in equity by the trustee. The mere fact that the plaintiff in her individual capacity was made a party plaintiff does not render the complaint demurrable. *State ex rel. Kratche v. Civil Court,* 179 Wis. 270, 191 N. W. 507. If in the course of the accounting it should become necessary to direct a conveyance from the trustee to a person entitled to receive such conveyance, the rights of the defendant are certainly not prejudicially affected because such person is made a party plaintiff instead of being made a party defendant as she properly might be. The demurrer is without merit.

*By the Court.*—The order appealed from is reversed, and cause remanded for further proceedings according to law.