MARSHFIELD CLINIC and others, Appellants, vs. DOEGE, Respondent.

*March 10—April 5, 1955.*

For the appellants there were briefs by *Spohn, Ross, Stevens, Lamb & Pick* of Madison, and *Emery & Woodside* of Marshfield, and oral argument by *Edwin C. Pick* and *Frank A. Ross, Jr.*

For the respondent there was a brief by *Michael, Spohn, Best & Friedrich* of Milwaukee, and *Brazeau & Brazeau* of Wisconsin Rapids, attorneys, and *Thomas S. Stone* of Mil-

waukee of counsel, and oral argument by *John S. Best* and *Theo. W. Brazeau.*

STEINLE, J.   When there is excess of parties plaintiff, a motion to strike, and not a demurrer, is the proper procedure with which to challenge the complaint of a party plaintiff who has no interest in the subject matter alleged therein. *State ex rel. Kratche v. Civil Court* (1923), 179 Wis. 270, 272, 191 N. W. 507.  See also 2 Wisconsin Pleading and Practice (3d ed.), p. 132, sec. 13.43.

A motion to strike is addressed to the sound discretion of the court. 41 Am. Jur., Pleading, p. 532, sec. 354.

The complaint sets forth the provisions of the contract upon which the individual plaintiffs rely in their position that they are entitled to remain as parties to the action.  Such contract provisions are stated as follows:

" '9. Any stockholder-employee whose membership in the Marshfield Clinic is terminated in any manner, shall not within five years from the date of such severance engage in the practice of his profession or become a competitor in any degree of the Marshfield Clinic or any of its employee members, directly or indirectly, personally or in association with others within a radius of 50 miles from the city of Marshfield.  In the event such stockholder-employee breaches this agreement then such employee, his heirs, personal representatives, and assigns shall immediately pay to the Marshfield Clinic or its assigns $5,000 as liquidated damages for such breach, said sum being agreed to be the amount of damages which shall be done to the business of the Marshfield Clinic by said act or acts.

" 'It is further agreed, that in such event, the Marshfield Clinic shall be entitled, in addition to any other remedies and damages available, to an injunction to restrain the violation thereof by the employee, his partners, agents, servants, employees, and employers, and all persons acting for or with him.' "

Under provision of sec. 260.13, Stats., every action must be prosecuted in the name of the real party in interest, except as otherwise provided in sec. 260.15. The exception as contained in sec. 260.15 provides that a trustee of an express trust, which includes a person with whom or in whose name a contract is made for the benefit of another, may sue, without joining with him the person for whose benefit the action is being prosecuted. In *Chase v. Dodge* (1901), 111 Wis. 70, 72, 86 N. W. 548, it was held that "The rule that every action must be prosecuted in the name of the real party in interest . . . [as declared by statute] is imperative, but is satisfied when it is shown that the party suing is the one who has the right to control and receive the recovery." The same principle was expounded in *Gross v. Heckert* (1904), 120 Wis. 314, 320, 97 N. W. 952, where the court said "The test of whether one is the real party in interest within the meaning of the statute is, Does he satisfy the call for the person who has the right to control and receive the fruits of the litigation?" In the same case, *Gross v. Heckert, supra,* the court cited with approval from 15 Encyc. Pl. & Pr. p. 710, the following:

" 'The real party in interest, within the meaning of this provision of the code, is the person who will be entitled to the benefits of the action if successful; one who is actually and substantially interested in the subject matter, as distinguished from one who has only a nominal, formal, or technical interest in or connection with it.' "

A defense that the plaintiff is not the real party in interest is, in general, an absolute bar to the action. *Landauer v. Espenhain* (1897), 95 Wis. 169, 173, 70 N. W. 287.

In the case at bar the right to collect damages from the defendant or to obtain injunctive relief against him is predicated entirely upon the contract. Although the corporation did not join in the signing of the contract, it is the beneficiary of it. However, the corporation has chosen to in-

stitute this suit in its own name and right, for damages and relief as provided in the contract for the alleged breach. Under well-established principles it is entitled as the beneficiary to do so.

Appellants contend that they are entitled to be included as parties plaintiff under provision of sec. 260.15, Stats. However, it does not appear that they are suing on behalf of the beneficiary, the corporation. They bring the action for wrongs to them as individuals. In *Natter v. Isaac H. Blanchard Co.* (1912), 153 App. Div. 814, 818, 138 N. Y. Supp. 969, 972, where the court dealt with a statutory provision identical with sec. 260.15, it declared that:

"We do not think that the plaintiff comes within the provisions of said section, because it is not set up in the complaint that he is such trustee, or that he sues in such capacity. Even if he should be held to be such trustee, he could take no comfort, because the second cause of action is clearly brought in his individual capacity upon his personal contract, so that in any event there is an improper joinder of actions."

Under this complaint, the individual plaintiffs are not suing on behalf of the beneficiary, and hence they do not come within the provisions of sec. 260.15, Stats. As previously pointed out, the corporation has commenced the action in its own name, and according to the provisions of the contract, it alone has the right to control and receive the recovery. No such right is reserved by or extended to the individual stockholders-employees of the corporation.

It is damage to the business of the Marshfield Clinic, the corporation, and not damage to the interests of the individual members that is protected by the contract. It seems clear that since only the business of the corporation and not that of the individual members is protected, and that the corporation alone is entitled to the fruits of the litigation, and that it is actually suing for them, therefore, the others, who join

as parties and make identical demand, must be considered in the category of excess parties.

The individuals suing here are employees of the corporation. An employee is one who is engaged in the business of his employer. The individual doctors who are parties to the contract have agreed to confine their professional pursuits to the interests of their employer, the corporation, and have bound themselves not to engage in a medical practice of their own in the area involved. In view of such arrangement of their own choosing, we fail to perceive from the record before us, how they are entitled to relief in any individual capacity. The corporation can only carry on its purposes through the activities of its employees. The professional services of the individual employees are rendered for and on behalf of the corporation. When competing against the employees of the corporation, it seems that the defendant under circumstances as alleged, competes only against the corporation. In the light of the contract provisions, he could not be competing against his fellow practitioners as individuals, because they are not engaged in their own private practice of medicine. They have hired their skill and services to the corporation. The penalty and relief prescribed for breach of contractual duty inures only to the benefit of the employer, and not to that of the employees. Likewise, it does not inure to the benefit of the stockholders. It is the corporation and not the stockholders-employees that becomes entitled to the liquidated damages,—it is the corporation, and not the stockholders-employees that becomes entitled to the injunctive relief.

Appellants argue that since the complaint refers to individual interests of the physicians involved as parties plaintiff, and that it recites that "the Marshfield Clinic and its employee members have sustained and shall sustain irreparable damage from the actions of the defendant," and further, that since in the prayer of the complaint, there is demand

that the defendant be restrained from competing with the Marshfield Clinic, or the individual plaintiffs herein, or other employee members of the clinic, a cause of action in favor of the plaintiffs as individuals, is asserted.

In a particular case, all the allegations of the complaint must be considered, but allegations not germane to the cause or causes of action evidently intended and attempted to be pleaded should be disregarded as surplusage. The caption and prayer may aid in determining which is the true character of the action, but the complaint does not make a suit individual or derivative by calling it one or the other. 13 Fletcher, Cyc. Corp. (perm. ed.), p. 271, sec. 5912.

Under the contract, relief is afforded only with respect to damages occurring to the business interests of the corporation. The language of the contract negatives any intention that the defendant shall be liable to the individual members for a breach of contractual duty in competing with the corporation or its employee members. Recitals in the complaint regarding individual interests must be deemed surplusage.

Rights of action accruing to a corporation belong to the corporation, and an action at law or in equity, cannot be maintained by the members as individuals. *Button v. Hoffman* (1884), 61 Wis. 20, 20 N. W. 667; *Lee v. Young* (1911), 147 Wis. 53, 132 N. W. 595; *Oeland v. Woldenberg* (1925), 185 Wis. 510, 201 N. W. 807. If a corporation refuses to enforce its rights, then a stockholder may become privileged to do so on its behalf. However, in the matter at bar, the corporation itself has commenced the action for the only recovery and relief permitted under the contract.

Any injury to a corporation gives no individual right of action, although the injury to the corporation may incidentally result in the depression of the value of the stocks and

bonds. Anno. 59 A. L. R. 1099; Anno. 167 A. L. R. 279, 280.

If wrongful acts are not only wrongs against a corporation, but also violations by the wrongdoer of a duty arising from contract and owing directly by him to the stockholders, then the stockholders may sue on their own behalf. Anno. 167 A. L. R. 279. Here, the individuals involved have agreed not to engage in the practice of medicine for themselves, but only as employees of the corporation. They have also agreed that the corporation alone is entitled to benefit from a recovery for breach arising from competition with the corporation, or its employee members. As a consequence of their agreements they have precluded themselves from asserting rights as individuals.

We are obliged to conclude that the corporation is the only real party in interest. It cannot be held that the trial court abused its discretion in granting the motion to strike, or that it erred in ordering judgment upon the application for a dismissal of the complaint as to the individual plaintiffs.

*By the Court.*—Judgment affirmed.

CURRIE, J. (*dissenting*). The issue presented on this appeal is simply this: A and B enter into a contract for the benefit of C, which contract specifies the type of relief C may enforce against A or B in the event of breach by either. B breaches the contract and A and C bring action to secure such specified relief C is entitled to have against B. May B secure a dismissal of the action against A on the ground that A is not a real party in interest within the meaning of sec. 260.13, Stats.?

It seems to me that in such a situation the promisee A is always a party in interest in the litigation because every party to a contract has an interest in seeing that the opposite

party is compelled to carry out his contract covenant even though the person to be benefited by such enforcement is a third party for whose benefit the contract was made.

For these reasons I would reverse the order.

I am authorized to state that Mr. Justice BROADFOOT concurs in this dissenting opinion.