CAMPFIRE LAND COMPANY, INC., Plaintiff and Respondent, v. STEPHEN D. JOLIN [Case No. 285], MICHAEL G. JOLIN [Case No. 286], GERALD JOLIN [Case No. 287], and PETER G. JOLIN [Case No. 288], Defendants and Third-Party Plaintiffs and Appellants: OSTER and others, Third-Party Defendants and Respondents.

*Nos. 285–288.   Argued June 5, 1972.—Decided June 30, 1972.*
(Also reported in 198 N. W. 2d 593.)

230

For the defendants and third-party plaintiffs-appellants, there were briefs by *Whyte, Hirschboeck, Minahan, Harding & Harland, S. C.,* and by *Kersten & McKinnon,* attorneys, and *Victor M. Harding, George P. Kersten,* and *Anthony W. Asmuth, III,* of counsel, all of Milwaukee, and oral argument by *George P. Kersten* and *Victor M. Harding.*

For the plaintiff-respondent there was a brief and oral argument by *Ray T. McCann* of Milwaukee.

For the third-party defendants-respondents there was a brief by *Borgelt, Powell, Peterson & Frauen*, attorneys, and *Reuben W. Peterson, Jr.*, of counsel, all of Milwaukee, and oral argument by *Reuben W. Peterson, Jr.*

WILKIE, J. Two issues are presented which dispose of this appeal:

1. Did the trial court properly sustain the demurrer?

2. Are the orders denying the motions for a continuance and for a bill of particulars appealable?

*Was the demurrer properly sustained?*

*Are the Osters necessary and indispensable parties?*

Appellants primarily contend on appeal that the Oster family are necessary and indispensable parties to these actions.

" '[A]n indispensable party is one who has such an interest in the subject matter of the controversy that a final decree cannot be rendered between the other parties to the suit without radically and injuriously affecting his interest . . . .' " [2]

The subject matter of the initial suits here was that the Jolins were misappropriating funds from the corporation; the third-party complaint makes similar accusations against the Osters. While the assertions are perhaps similar, there is no compulsion to join the two related actions. In *Borde v. Hake* [3] this court said:

"While it is highly desirable that all related factual circumstances be considered in a single trial, there is no

---

[2] *McCoy v. May* (1949), 255 Wis. 20, 27, 38 N. W. 2d 15.

[3] (1969), 44 Wis. 2d 22, 30, 170 N. W. 2d 768.

requirement that all proper parties under secs. 260.10 and 260.11, Stats., must be joined. It is only those parties who are denominated as necessary or indispensable parties in secs. 260.12 or 260.13 who must be joined and whose absence will result in a defective lawsuit."

Inasmuch as Campfire could obtain the desired relief against the Jolins without requiring the joinder of the Osters and also because the Osters would not be detrimentally affected by the suit against the Jolins, the Osters are not necessary or indispensable parties within the meaning of secs. 260.12 [4] or 260.13,[5] Stats.

Consistent with this conclusion is the rule stated by Fletcher: [6]

"In selecting the defendants to a suit by the corporation, all necessary to administration of the relief prayed must be joined, and in equity all who are proper to a full and complete adjudication may be joined; but this does not depend on the corporate character of the plaintiff, and is determined by the nature of the cause of action and the subject matter of the suit."

Here, Campfire seeks damages from the Jolins. The Jolins, in turn, assert that the Osters should be liable to the corporation. These are related assertions, but they are not such as require litigation in one cause of action. They are the same complaints against different people. Complete relief can be obtained in separate actions, and thus the Osters are not necessary nor indispensable parties to the *Campfire v. Jolin* litigation.

---

[4] "Of the parties to the action those who are united in interest must be joined as plaintiffs or defendants, . . ."

[5] "Every action must be prosecuted in the name of the real party in interest . . . ."

[6] 9 Fletcher, Cyc. Corp. (perm. ed.), *Private Corporations*, p. 338, sec. 4470 (Revised Vol. 1964).

## *Do appellants have the legal capacity to bring the third-party action?*

Appellants bring the third-party suit as stockholders in Campfire. They cannot bring this suit for two reasons. The first is that "a defendant sued as an individual only is not entitled to counterclaim claims due him only in a representative capacity." [7] This same rule is stated by Fletcher. [8] This court in *Wesolowski v. Erickson* [9] followed these rules and concluded that when a stockholder, in his capacity as a stockholder, was suing a corporate officer and the corporation, the defendants could not counterclaim against the plaintiff in his individual capacity. In the present case these rules would preclude the counterclaim because the defendants are sued in their individual capacities, but bring the counterclaims in their representative positions as stockholders.

Appellants also lack the capacity to bring the counterclaim because the cause of action belongs to the corporation, not to its stockholders. This rule was most recently stated by this court in *Lee v. Threshermen's Mut. Ins. Co.:* [10]

"The general rule is that a stockholder has no individual right of action for an alleged injury to the corporation in which he holds shares."

Again, Fletcher expresses the same proposition. [11] Appellants contend that "the third-party defendants deny

[7] 3 Callaghan's, Bryant, *Wisconsin Pleading and Practice* (3d ed.), p. 460, sec. 21.54.

[8] 13 Fletcher, Cyc. Corp. (perm. ed.), *Private Corporations,* p. 236, sec. 5889 (Revised Vol. 1970).

[9] (1958), 5 Wis. 2d 335, 340–342, 92 N. W. 2d 898.

[10] (1965), 26 Wis. 2d 361, 363, 132 N. W. 2d 534, citing *Marshfield Clinic v. Doege* (1955), 269 Wis. 519, 69 N. W. 2d 558; *Oeland v. Woldenberg* (1925), 185 Wis. 510, 201 N. W. 807; *Lee v. Young* (1911), 147 Wis. 53, 132 N. W. 595; *Button v. Hoffman* (1884), 61 Wis. 20, 20 N. W. 667.

[11] 9 Fletcher, *supra,* footnote 6, at page 333, sec. 4469.

the existence of any joint venture and have wholly excluded the third-party plaintiffs from any participation in the affairs of Campfire Land Company, Inc., since August 10, 1966." For this reason appellants indicate they did not ask the corporation to bring an action against Oster. But while it is possible that the corporation would have refused, the law clearly requires that the stockholders make such a request before proceeding on their own as representatives of the corporation. As we discuss below, the existence of a joint venture in no way affects this action.

### *Does the joint venture claim require the joinder of Oster?*

As we have noted, appellants argue that because a joint venture was found to exist in *Jolin v. Oster,* the other joint adventurer, John Oster, Jr., had to be made a party to this suit. But here, as in the *Jolin v. Oster* case, the parties are confused in their respective discussions of the law of joint ventures and the law of corporations. In *Jolin v. Oster,* Oster claimed that the suit was an attempt to pierce the corporate veil, while in this action Jolin, in effect, claims that Oster wants to pierce the joint venture veil.

These assertions fail for the same reason. There are two distinct legal entities involved in these actions: A corporation and a joint venture. Under each of these entities the parties acquired rights and obligations. The joint venturers could breach their duties to one another without destroying the corporate structure. In this case, Jolin could be liable for misappropriation of corporate assets totally apart from any joint venture which may have existed. If the misappropriation of funds was a joint act or a concerted effort on behalf of the joint adventurers then perhaps both joint venturers would be necessary parties defendant. Here, each party accuses

the other of misapplying funds, but nowhere is there any hint or suggestion that any diminution of corporate assets was a joint project of Jolin and Oster. Where the misappropriation of funds is allegedly the individual act of the stockholders and officers, there is no requirement that the joint venturers be joined together.

The order sustaining the demurrer was proper.

*Are the orders denying the motions appealable?*

The appeals in this case from the orders denying a continuance and a bill of particulars are governed by sec. 274.33 (3), Stats., which provides:

"**Appealable orders.** The following orders when made by the court may be appealed to the supreme court:
" . . .
"(3) When an order grants, refuses, continues or modifies a provisional remedy or grants, refuses, modifies or dissolves an injunction, sets aside or dismisses a writ of attachment, grants a new trial or sustains or overrules a demurrer, decides a question of jurisdiction, grants or denies a motion for stay of proceeding under s. 262.19, determines an issue submitted under s. 263.225, or denies an application for summary judgment, but no order of the circuit court shall be considered appealable which simply reverses or affirms an order of the civil court of Milwaukee county, unless the order of the civil court grants, refuses, continues, modifies or dissolves a provisional remedy or injunction."

The only types of order denying motions for a stay of proceedings that are appealable are those relating to sec. 262.19 (this statute expressly makes such an order appealable), which concerns a stay of proceedings to permit trial in a foreign forum. Otherwise this court has indicated that an order denying a stay of proceedings is not appealable. In *Grinwald v. Mayer,*[12] wherein

---

[12] (1932), 207 Wis. 416, 241 N. W. 375.

this court specifically held such an order nonappealable, the court also pointed out such an order was not so substantial as to require making it appealable. Thus the appeal from that order must be dismissed.[13]

The question of whether an order denying a motion for a bill of particulars is appealable is one of first impression in Wisconsin. This court has characterized a motion for a bill of particulars as follows:[14]

" 'The motion for a bill of particulars is distinct from one for a discovery and from an examination before trial, and should not be extended to encroach upon the office of the latter motions. Its purpose is merely to give the items of a party's claim, not his evidence.' "

Thus under Wisconsin practice a motion for a bill of particulars is akin to a motion to make more definite and certain.[15] An order determining a motion to make more definite and certain has several times been declared to be nonappealable.[16] We also conclude that a

[13] *See also:* Annot. (1968), 18 A. L. R. 3d 400, *Appealability of Order Staying, or Refusing to Stay, Action Because of Pendency of Another Action,* stating the majority rule is that such an order is not appealable.

[14] *Midwest Broadcasting Co. v. Dolero Hotel Co.* (1956), 273 Wis. 508, 513, 78 N. W. 2d 898.

[15] In *Conover v. Knight* (1893), 84 Wis. 639, 642, 54 N. W. 1002, the court said: "We are not disposed to draw any nice distinction between the functions of an order for a bill of particulars and an order requiring a pleading to be made more definite and certain, for we think such distinction has no tangible existence in reason or law. These counterclaims are expressed in terms as general as are the common money counts under the common-law practice, and a proper bill of particulars necessarily operates to make them more definite and certain. When, as here, the claim covers and includes numerous propositions of fact, which are asserted in the most general terms, a motion for a bill of particulars is, in substance and legal effect, necessarily a motion to make the pleading more definite and certain."

[16] *Black Eagle Oil Co. v. Globe Oil & Refining Co.* (1958), 3 Wis. 2d 340, 343, 88 N. W. 2d 684.

request for a bill of particulars is basically an aid to pleading and, like the motion to make more definite and certain, is not appealable.

*By the Court.*—Order sustaining demurrer affirmed; appeals from orders denying continuance and bill of particulars dismissed.

HEFFERNAN, J., took no part.