STATE, Respondent, v. Ross, Appellant.

*No. 75–20. Submitted on briefs May 5, 1976.—*
*Decided June 2, 1976.*
(Also reported in 242 N. W. 2d 210.)

For the appellant the cause was submitted on the brief of *Thomas J. Bergen,* attorney, and *Ted B. Johnson,* of counsel, both of Milwaukee.

For the respondent the cause was submitted on the brief of *Bronson C. La Follette,* attorney general, and *George B. Schwahn,* assistant attorney general.

CONNOR T. HANSEN, J. This action was commenced by service of summons and complaint upon defendant on November 26, 1974. It is alleged therein that defendant owns and operates the Waupaca Rest Home in Waupaca, Wisconsin. It is further alleged that she has been operating the rest home since July 1, 1974, by housing three or more patients in need of nursing home services. The operation of the home is alleged to be in violation of sec. 146.30 (9), Stats., in that defendant does not have a license for the business.

The state prays in its complaint for judgment of the court ordering defendant to remove all patients exceeding the two-resident statutory limitation.[1] The state further seeks to enjoin defendant from operating the nursing home unless she applies for and receives a license from the department of health and social services.

Defendant demurred to the complaint on the grounds: (1) that the complaint fails to allege facts sufficient to constitute a cause of action, and (2) that there is a defect in parties plaintiff or defendant for failure to include as parties to this action those persons residing in the home. The circuit court overruled the demurrer.

Determination of two issues will be dispositive of this appeal:

1. Did the trial court err in ruling that the complaint states facts sufficient to constitute a cause of action?

2. Did the trial court err in ruling that the residents of the home were not necessary or indispensable parties to this action?

*Sufficiency of the complaint.*

The rules relating to review of orders overruling or sustaining demurrers were set forth by this court in *Weiss v. Holman* (1973), 58 Wis. 2d 608, 614, 207 N. W. 2d 660:

---

[1] Sec. 146.30 (1) (a), Stats.

". . . The following oft reiterated rules relating to review of orders overruling or sustaining demurrers are applicable: (1) Pleadings are to be liberally construed with a view to substantial justice between the parties and are entitled to all reasonable inferences in favor of the pleadings which may be drawn from the facts pleaded; (2) all material well-pleaded facts are to be taken as true; . . . ."

Paragraph three of the challenged complaint alleges:

"3. That since July 1, 1974, the defendant has been operating and conducting the above described premises and business as a nursing home without a license in violation of sec. 146.30 (9), Stats., by housing three or more patients in need of nursing home services and as the plaintiff is informed and believes, that the defendant will continue to operate said premises in violation of the aforementioned statute unless enjoined therefrom."

The state seeks an injunction pursuant to sec. 146.30 (10) (b), Stats.:

"(b) *Unlicensed nursing homes.* Notwithstanding the existence or pursuit of any other remedy, the department may, upon the advice of the attorney general, who shall represent the department in all proceedings, maintain an action in the name of the state for injunction or other process against any person or agency to restrain or prevent the establishment, conduct, management or operation of a nursing home without a license *or without being registered.*" (Emphasis supplied.)

The defendant relies upon the final clause of this section for its contention that the state has failed to allege facts sufficient to constitute a cause of action. It is defendant's position that the clause contemplates registration as an alternative method to licensing for obtaining state approval. Defendant argues that by failing to allege that defendant is not registered, the state has eliminated a potential defense to the complaint.

The trial court found that the allegation relating to operation without a license was sufficient to state a cause of action. This conclusion was not in error.

Sec. 146.30 (9), Stats., upon which the state bases this action, provides:

"(9) PENALTY. It shall be unlawful for any person, acting jointly or severally with any other person, to conduct, maintain, operate, or permit to be maintained or operated, or to participate in the conducting, maintenance or operating of a nursing home, unless it is licensed as a nursing home by the department. Any person who violates this section shall be fined not more than $100 for the first offense and not more than $200 for each subsequent offense, and each day of continuing violation after the first conviction shall be considered a separate offense."

▮ The foregoing statutory provision sets forth a penalty for operating a nursing home without a license. Thus, the allegation that the defendant is violating the statute by operating a nursing home without a license is sufficient to state a cause of action, regardless of other statutory language relating to registration of such homes.

▮ ▮ Section 146.30 (13), Stats., designates this section of the statute as the *"Nursing Home Licensing Act."* Section 146.30 (5), (6) and (7), mandate specific procedures governing licensing. While the term "register" is utilized in subs. (4) and (5), in addition to sec. 146.-30 (10) (b), *supra,* there is no penalty provided for failure to register. If possible, a statute should not be construed so as to render any portion or word surplusage. *Milwaukee v. Shoup Voting Machine Corp.* (1972), 54 Wis. 2d 549, 553, 196 N. W. 2d 694. However, legislative intent controls and this court may insert or reject words necessary or reasonably inferable, *State v. Gould* (1972), 56 Wis. 2d 808, 812, 202 N. W. 2d 903. If we were to hold

that the legislative intent was unclear or ambiguous upon the face of the statute, which we do not do, because of the references to registration, resort may be had to the legislative history of the statute. *Bendorf v. Darlington* (1966), 31 Wis. 2d 570, 579, 143 N. W. 2d 449.

Section 146.30, Stats., was created by ch. 397, Laws of 1947. It provided for state certification of nursing homes. Ch. 715, Laws of 1951, sec. 2, amended the statute to provide for registration and licensing in the following terms: Sec. 146.30 (4):

"(4) LICENSING, INSPECTION AND REGULATION. The board is empowered to register, license, inspect and regulate nursing homes as provided in this section, but no such license shall be in effect before June 30, 1952, and no such license shall be required before such date."

The penalty provision for failure to comply with the statutory mandate was therein created to read as follows: Sec. 146.30 (9), Stats. of 1951:

"(9) FAILURE TO REGISTER OR OPERATING WITHOUT LICENSE; PENALTY. It shall be unlawful for any person, acting jointly or severally with any other person, to conduct, maintain, operate, or permit to be maintained or operated, or to participate in the conducting, maintenance or operating of a nursing home, *unless within 60 days after the effective date hereof it is registered with the board, or unless after June 30, 1952,* it is licensed as a nursing home by the board. Any person who shall violate this section shall be fined not more than $100 for the first offense and not more than $200 for each subsequent offense, and each day of continuing violation after the first conviction shall be considered a separate offense." (Emphasis supplied.)

The injunction remedy, now sec. 146.30 (10) (b), *supra,* was also created by the 1951 legislative act.

Ch. 161, Laws of 1971, amended sec. 146.30 (9), Stats. This amendment repealed the portion of the statute emphasized above, relating to registration.

■ Nursing homes were to be registered with the former state board of health pursuant to the 1951 legislation. This registration was an interim procedure, designed to regulate the operation of nursing homes during the period between elimination of the original certification provisions and the effective date of the licensing requirement. In view of the history of this legislation, as well as the absence of any penalty for failure to register, registration is not contemplated as an alternative method of state licensing approval. The complaint alleges facts sufficient to state a cause of action. Therefore, the trial court did not err in overruling defendant's demurrer.

*Indispensable parties.*

Section 146.30 (1) (a), Stats., provides the statutory definition for nursing homes. It reads, in pertinent part:

"(a) A 'nursing home' means any building, structure, institution, boarding home, convalescent home, agency or other place, not limited by enumeration, for the reception and care or treatment for not less than 72 hours in any week of 3 or more unrelated patients who by reason of disability, whether physical or mental, including mental retardation and mental illness, are in need of nursing home services. . . ."

The defendant also demurred to the complaint on the ground that the residents of the nursing home should be joined as necessary or indispensable parties to the action. Defendant contends that the residents should be parties because the state will have to prove their need for nursing home services, as provided by sec. 146.30 (1) (a), Stats., *supra,* as a prerequisite to any determination that

defendant is operating a nursing home within the meaning of the statute.

In *Campfire Land Co. v. Jolin* (1972), 55 Wis. 2d 229, 232, 198 N. W. 2d 593, this court, citing *McCoy v. May* (1949), 255 Wis. 20, 27, 38 N. W. 2d 15, stated:

" ' "[A]n indispensable party is one who has such an interest in the subject matter of the controversy that a final decree cannot be rendered between the other parties to the suit without radically and injuriously affecting his interest. . . ." ' "

While the state must prove that defendant's home is included within the statutory definition, the process of proof involved in that showing does not rise to the level of the radical and injurious effect to the residents' interests contemplated by *Campfire Land Co. v. Jolin, supra.* Licensing is predicated on state approval of the standards maintained by any particular home. The standards are required for promotion of "safe and adequate accommodation, care and treatment" of the patients, sec. 146.30 (2), Stats.

The complaint alleges the defendant is operating a nursing home without a license. Thus, if it is found that the defendant is operating a nursing home within the statutory definition, the state has not had an opportunity to determine whether such operation meets the required standards. The action is between the state and the defendant, who cannot engage in a nursing home operation without a license. The interests of the residents are thereby being protected, rather than injuriously affected. Under these circumstances it cannot be said that the residents are indispensable or necessary parties to the action. The complaint is not demurrable on this ground. *Anderson v. Anderson* (1972), 54 Wis. 2d 666, 668, 196 N. W. 2d 727.

We, therefore, conclude that the complaint states facts sufficient to constitute a cause of action and that the

alleged residents of the Waupaca Rest Home are not necessary or indispensable parties.

*By the Court.*—Order affirmed.