JOHN MECHTA, Plaintiff, *v.* PETER J. SCARETTA et al., Defendants.

Supreme Court, Trial Term, Queens County, January 10, 1967.

*Frances Mechta* for plaintiff. *Joseph Tanenbaum* for Peter J. Scaretta and others, defendants. *Malvin B. Mariash* for Greenpoint Savings Bank, defendant.

J. IRWIN SHAPIRO, J. The plaintiff and his wife, she not being a party to this action, as purchasers entered into a contract with the defendants Scaretta, as sellers, for the purchase of a one-family home. Since the making of the contract the plaintiff and his wife have separated.

The action is by the plaintiff to recover the down payment of $2,000 upon the ground that the sellers have failed to comply with the terms of the contract by not delivering to the purchasers '' a written statement issued by the Federal Housing Commission setting forth the appraised value of the property for mortgage insurance purposes of not less than $27,500.00 ''.

I do not deem it necessary to pass upon the questions of credibility posed by the record since I must sustain the defendants' contention that this action is not maintainable without a joinder of the plaintiff's wife, one of the parties to the contract, as a party to this action.

CPLR 1001 provides as follows:

'' (a) Parties who should be joined. Persons who ought to be parties if complete relief is to be accorded between the persons who are parties to the action or who might be inequitably affected by a judgment in the action shall be made plaintiffs or defendants. When a person who should join as a plaintiff refuses to do so he may be made a defendant.

'' (b) When joinder excused. When a person who should be joined under subdivision (a) has not been made a party and is subject to the jurisdiction of the court, the court shall order him summoned. If jurisdiction over him can be obtained only by his consent or appearance, the court, when justice requires, may allow the action to proceed without his being made a party. In determining whether to allow the action to proceed, the court shall consider:

'' 1. whether the plaintiff has another effective remedy in case the action is dismissed on account of the nonjoinder;

" 2. the prejudice which may accrue from the nonjoinder to the defendant or to the person not joined;

" 3. whether and by whom prejudice might have been avoided or may in the future be avoided;

" 4. the feasibility of a protective provision by order of the court or in the judgment; and

" 5. whether an effective judgment may be rendered in the absence of the person who is not joined."

These provisions merely codify what the decisions held to be the law under sections 193 and 194 of the Civil Practice Act. Thus the decisions interpreting sections 193 and 194 of the Civil Practice Act are applicable to CPLR 1001 (McKinney's [Cons. Laws of N. Y., Book 7B, CPLR] reference to the intent in connection with the statutory change of language and the conclusion therein expressed that the present statutory language merely expresses the existing decisional law).

In *Trade Bank & Trust Co.* v. *Equitable Fire & Mar. Ins. Co.* (50 N. Y. S. 2d 892, 893) the court used an apt illustration to establish that persons who are united in interest must be joined in an action either as plaintiffs or defendants before a complete determination of rights can be made when it said: " It is elemental law, if two men own a horse, one of them cannot sue for the horse and recover it. His companion is a necessary party."

The plaintiff claims that the moneys deposited under the contract were his and his alone, but in the absence of his wife as a party to this action no determination in that regard can be made which would bind her and if the plaintiff were permitted a recovery here there would be no legal bar to his wife instituting an action against the sellers and contending that the money was hers in whole or in part. Under the circumstances she is a necessary party to this proceeding since prejudice " may accrue from the nonjoinder to the defendant or to the person not joined " (CPLR 1001, subd. [b], par. 2) and it is not feasible to provide " a protective provision by order of the court or in the judgment " (subd. 4), and an effective judgment may not " be rendered in the absence of the person who is not joined " (subd. 5). (See, also, *Trade Bank & Trust Co.* v. *Equitable Fire & Mar. Ins. Co.* (50 N. Y. S. 2d 892, revd. 56 N. Y. S. 2d 495, *supra*; *Natter* v. *Blanchard Co.* (153 App. Div. 814.)

The plaintiff's complaint is dismissed, without costs, and without prejudice to the institution of a new action in which the plaintiff's wife shall be joined as a party, either as plaintiff, if she consents, or as a defendant if she does not.