CLAUSEN, Appellant, v. ECKSTEIN and another, Respondents.

*May 5—June 2, 1959.*

410

412

For the appellant there was a brief by *Mann & Hayes,* attorneys, and *William F. Hayes* of counsel, all of Ripon, and oral argument by *William F. Hayes* and by *William A. Ritchay* of Milwaukee.

For the respondents there was a brief by *McLeod, Dono-hue & Colwin* of Fond du Lac, and oral argument by *Joseph D. Donohue.*

BROWN, J.    The city engineer is a municipal officer whose duties involve discretion and judgment.    The affidavits supporting Carter's motion for summary judgment show without dispute that Carter did not have the ministerial duty of placing warning signs or lights at the excavation and dirt pile.    Such duties were those of someone else,—Potter.    The rule governing liability of public officers is given in *Meyer v. Carman* (1955), 271 Wis. 329, 73 N. W. (2d) 514:

"A public officer who knowingly or negligently fails to do a ministerial act which the law requires him to do may be compelled to respond in damages to an injured party; but official action is ministerial only when it is absolute, certain, and imperative, involving merely the execution of a set task, and when the law which imposes it prescribes and defines the time, mode, and occasion for its performance with such certainty that nothing remains for judgment or discretion." (Syllabus.)

Appellant submits that we have stated a different principle in *Robinson v. Rohr* (1889), 73 Wis. 436, 40 N. W. 668. We do not think the *Robinson Case* says so.

In that case persons who composed the highway committee were held personally liable to a user of the highway for negligence in the course of highway repairs causing injury to him. But those defendants did not let out a contract in the name of the city or in any public body. They simply undertook to do the work themselves and employed agents and servants to execute the work. This court said, page 443:

"By personally and practically undertaking to do the work through servants of their own employment, they are brought into contact and relation with the traveling public and the plaintiff, and assume corresponding duties and obligations."

Again, in the *Robinson Case, supra,* the court said, page 441:

"This is not a public, but a private, duty, which they must discharge properly or be liable to those injured by their negligence. As public officers, acting for the public alone, they are exempt from personal liability. The doctrine of *respondeat superior* does not apply to such."

The present case is very different from *Robinson v. Rohr, supra.* Defendant Carter did not engage to do the work himself. It was the city which determined to do the work and the city has not been made a party to the action. The city engaged Eckstein to do the work described in the contract. As representative of the city, Carter had general supervision over the performance of the job but he was not engaged in laying the sewer nor doing it for his own benefit. The doctrine of *respondeat superior* does not apply to Carter because Potter, not Carter, was the ministerial agent of the city. If Potter failed to place a necessary light the liability attaching to a superior would proceed from him to the city and not to Carter. Potter was not Carter's agent or servant.

The present case is like that of *Beck v. Fond du Lac Highway Committee* (1939), 231 Wis. 593, 286 N. W. 64. There the plaintiff was injured by running into a county snowplow during a snowstorm when the snowplow was insufficiently lighted. The plaintiff sued each of the county highway committeemen in his own name and in his individual capacity. Plaintiff thought that they were liable to him because one or more of the committeemen sent out the snowplow without proper lights. We held that there was no liability to plaintiff on the part of the committee corporately or individually, saying (p. 597):

"Only the county or the persons actually operating the vehicle could sustain any liability in such a case as is here involved."

We held that neither the committee nor its individual members sustain a tort liability merely by reason of the fact that a truck belonging to the county has been negligently operated by the employees in charge of it. The county committee and its members are merely representatives of the county.

We consider that the rule must be the same when there is a single municipal officer instead of a committee.

The summary judgment correctly dismissed the complaint against Carter.

We turn now to Eckstein and the judgment based on the directed verdict in his favor.

The agreement between the city and Eckstein recites that the city has elected to install the sewer and hired Eckstein to perform certain specified services in the construction. The *contract* did not place the duty on Eckstein of guarding the excavation either by night or day. The evidence shows that the city retained that obligation for itself, and by day placed a city employee, Potter, to act as flagman, and at night, also by Potter, to set out flares at the approach to the dirt pile as well as upon it. Eckstein testified that he checked the lights each day at the close of work but that does not affect the retention by the city of these responsibilities nor the city's recognition and performance of them. Nevertheless, we have to consider sec. 62.15 (11), Stats., which is part of ch. 62, Cities, General Charter Law:

"STREET OBSTRUCTION. All contractors doing any work which shall in any manner obstruct the street or sidewalks shall put up and maintain barriers and lights to prevent accidents, and be liable for all damages caused by failure so to

do. All contracts shall contain a provision covering this liability, and also a provision making the contractor liable for all damages caused by the negligent digging up of streets, alleys, or public grounds, or which may result from his carelessness in the prosecution of such work."

The contractor cannot avoid the duty imposed on him in this statute by delegating the performance of the duty to another. If the duty in fact is performed by another such performance inures to the contractor's benefit; but if the duty is not performed the contractor is charged with the failure and its consequences. Potter testified he lighted and placed all lights on the dirt pile. It is a fact that immediately after the accident the light was not burning at the west end of the pile, where plaintiff first came to it. The light showed signs of having been struck by an automobile. The trier of the fact must determine whether Potter complied with the statutory duty required of Eckstein and whether plaintiff negligently failed to see the obstruction. Credibility of witnesses and the inferences to be drawn from their testimony are ordinarily jury questions.

In the exercise of due care the motorist must see what is there to be seen in his path and his speed must be so reduced that his car can be stopped within the distance the driver can see ahead.

Eckstein submits that under all the circumstances surrounding this accident the causal negligence of the motorist, Clausen, exceeds that of Eckstein. We do not think that the existence of the causal negligence of each party and the comparison of causal negligence, if any, are questions which, on this record, should be taken from the jury. Ordinarily these are jury questions, *Smith v. Clayton Construction Co.* (1926), 189 Wis. 91, 206 N. W. 67, and we see no reason to depart from precedent here.

The trial court in the present case did not rest its directed verdict on the ground that the plaintiff's causal negligence

exceeds that of Eckstein, but rather on the ground that, by contract, the duty to safeguard the obstruction was that of the city and not of the contractor. This ignores sec. 62.15 (11), Stats., which requires the contractor to give the statutory protection to third persons. Liability of the city is not before us. The city is not a party to the action.

Judgment dismissing Clausen's complaint against Eckstein must be reversed.

*By the Court.*—Judgment for Eckstein reversed. Cause remanded with directions to grant a new trial between Clausen, plaintiff, and Eckstein, defendant. Judgment in favor of Carter, affirmed. In taxing costs appellant and respondent Carter shall be limited to one half the costs of printing.

MARTIN, C. J., took no part.