LEE, Respondent, v. THRESHERMEN'S MUTUAL INSURANCE COMPANY, Appellant.

*January 6—February 2, 1965.*

For the appellant there was a brief and oral argument by *Arno J. Miller* of Portage.

For the respondent there was a brief by *Conway & Conway* of Baraboo, and oral argument by *Vaughn S. Conway.*

WILKIE, J.   The sole issue presented on this appeal is: When the president and principal stockholder of a corporation deposits personal funds as security to release a judgment lien upon property of the corporation pending an appeal, and the judgment is affirmed and part of it satisfied from the deposit, can he sue the corporation's insurance company for negligence and bad faith in handling an offer to settle, at a reduced figure, the claim against the corporation that ripened into the judgment lien?

The general rule is that a stockholder has no individual right of action for an alleged injury to the corporation in which he holds shares.[2]   The underlying rationale is that having chosen to conduct their business in the corporate form, the shareholders are bound to observe this nonconducting entity which they have interposed between themselves and those with whom they deal.   The insurance policy was issued to Silverdale Resort, Inc., to provide coverage on property owned by the corporation.   There was no relationship or connection whatsoever existing between respondent Lee and the insurance company.   Thus, any right of action existing against appellant would belong to Silverdale.

Respondent contends, however, that he is subrogated to any rights Silverdale might have against appellant.   Subrogation is an equitable doctrine, not dependent upon contract or privity, which is applicable when someone other than a

---

[2] *Marshfield Clinic v. Doege* (1955), 269 Wis. 519, 69 N. W. (2d) 558; *Oeland v. Woldenberg* (1925), 185 Wis. 510, 201 N. W. 807; *Lee v. Young* (1911), 147 Wis. 53, 132 N. W. 595; *Button v. Hoffman* (1884), 61 Wis. 20, 20 N. W. 667.

mere volunteer pays a debt or demand which should have been satisfied by another.[3] The trial court felt that "the payment of the money was not done on a volunteer basis but by virtue of an order" by the court. This analysis overlooks the fact that the court order was entered pursuant to respondent's own suggestion that he provide the money in order to remove the threat of an execution on the Silverdale property. Thus the order cannot be considered as determinative in ascertaining the voluntariness of respondent's action.

Respondent contends that *Kennedy-Ingalls Corp. v. Meissner* [4] controls the present case. There, an employer paid his injured employee's medical expenses and compensation as required by the Workmen's Compensation Act. Subsequently, the employer and the employee brought suit against the supplier of the article which caused the employee's injuries. The employee settled with the supplier, while the employer released his claim. The supplier then sued the manufacturer of the defective article. The employer attempted to intervene, asserting that it had been subrogated to part of the supplier's cause of action by reason of the release given to the supplier. The manufacturer's contention that the employer voluntarily released its claim against the supplier was rejected because the supplier could have tried to hold the employer liable for any damages paid to the employee. *Kennedy-Ingalls* is distinguishable because the employer who made the release (which the court said was no different than a payment) was potentially liable to the supplier. In the present case, respondent faced absolutely no threat of liability.

Respondent was not a party to the negligence suit brought against Silverdale, and consequently was not affected by the judgment in that case. There was no agreement either writ-

---

[3] *D'Angelo v. Cornell Paperboard Products Co.* (1963), 19 Wis. (2d) 390, 120 N. W. (2d) 70; *Kennedy-Ingalls Corp. v. Meissner* (1958), 5 Wis. (2d) 100, 92 N. W. (2d) 247.

[4] *Supra,* footnote 3.

ten or tacit under which he was obligated or duty bound to make the deposit. Respondent's conduct was voluntary.

Another characteristic of subrogation is that it is employed to avoid unjust enrichment. Consequently, in the absence of unjust enrichment there is no basis for invoking the doctrine.[5] Appellant in this case has in no way been enriched. Accordingly, a subrogation action will not lie against appellant. It is Silverdale which became enriched when respondent's funds were employed to satisfy a portion of the judgment against it. Respondent was acting as a surety, and upon payment of a portion of the judgment, became subrogated to the rights of the judgment creditor (Patterson) against the principal (Silverdale).[6] Respondent cites authority to the effect that when an officer or stockholder pays corporate debts in order to protect its property, and thereby his own interests, he is entitled to subrogation.[7] But the right the officer or stockholder becomes subrogated to is not that of the corporation, but that of the creditors so paid,[8] and this subrogation provides no basis for upholding either cause of action which plaintiff attempts to assert here against appellant.

*By the Court.*—Order reversed.

---

[5] *Dairyman's State Bank v. Tessman* (1962), 16 Wis. (2d) 314, 114 N. W. (2d) 460.

[6] 50 Am. Jur., Subrogation, p. 719, sec. 56.

[7] 50 Am. Jur., Subrogation, p. 708, sec. 39.

[8] Ibid.