CORDS and others, Respondents, v. EHLY and others, Appellants.

*No. 186. Argued November 27, 1973.—Decided February 5, 1974.*
(Also reported in 214 N. W. 2d 432.)

---

[30] *Wardius v. Oregon, supra,* footnote 2.

For the appellants there were briefs by *Robert W. Warren*, attorney general, and *Benjamin Southwick*, assistant attorney general, and oral argument by *Michael E. Perino*, assistant attorney general.

For the respondents there was a brief by *Wickhem, Consigny, Sedor, Andrews & Hemming, S. C.*, of Janesville, and oral argument by *Robert G. Krohn* of Janesville, and *Ray J. Aiken* of Delafield.

WILKIE, J. Four issues are raised by this appeal from the lower court's order refusing to sustain defendants' demurrer:

1. Did the trial court err in holding that sec. 29.68, Stats., was not a bar to this suit?

2. Did the trial court err in concluding that the suit was not an action against the state?

3. Should the demurrer have been granted because the duty which was owed to the plaintiffs, if any, lies not with the defendants but with the Wisconsin department of natural resources and the scientific areas preservation council?

4. Did the trial court err in concluding that the defendants could be liable to the plaintiffs under the allegations of the complaint?

1. *Applicability of sec. 29.68, Stats.* For the reasons recently discussed in *Goodson v. Racine,*[1] sec. 29.68, Stats., is completely inapplicable here and does not bar the plaintiffs' action.

2. *Is this suit against the state?* The defendants further contend that this suit is in actuality a suit against the state, barred by the state's sovereign immunity. The defendants quote from Corpus Juris Secundum:

"The question whether a particular suit is one against a state is not to be determined solely by reference to the nominal parties to the record, but rather is dependent on the essential nature and effect of the proceeding."[2]

"Where a suit is brought against an officer or agency with relation to some matter in which defendant represents the state in action and liability and the state is the real party against which relief is sought so that a judgment for plaintiff will operate to control the action of the state or subject it to liability, the suit is in effect one against the state and cannot be maintained without its consent."[3]

This is undoubtedly a correct statement of the law. The circumstances in which a suit against individual state employees will be considered a suit against the state are exemplified in *Appel v. Halverson.*[4] In that case the plaintiff was proceeding to compel the commissioner of revenue in his official capacity to account for $300 held as a deposit by the department of revenue. The commissioner as an individual had no power to do so.

In the present suit, however, the defendant employees are sued as private individuals for damages alleged to have resulted from their negligent conduct. The alleged conduct occurred within the scope of their employment

---

[1] (1973), 61 Wis. 2d 554, 213 N. W. 2d 16.

[2] 81 C. J. S., *States*, p. 1311, sec. 216 a.

[3] *Id.*, sec. 216 b. (1).

[4] (1971), 50 Wis. 2d 230, 184 N. W. 2d 99.

by the state, but the judgment sought would require no affirmative state action, no performance of an obligation of the state. They would not be required to effect the release of state funds or property.

Defendants rely here on sec. 270.58, Stats., to support their assertion that this suit is a suit against the state.

Under sec. 270.58, Stats., the state and political subdivisions thereof will pay judgments in actions in which a defendant was proceeded against because of acts committed while carrying out his duties as a public officer or employee if the court or jury finds that he was acting in good faith.

This statute was discussed in *Forseth v. Sweet*.[5] In that case the plaintiff contended that sec. 270.58, Stats., was a consent by the state to direct suit. This court disagreed with that conclusion as to the effect and intent of the statute. The court agreed that the statute placed the state in a somewhat anomalous position for it accepts responsibility for the results of a lawsuit without the right to direct the strategy of defense. This court, however, did not conclude that the awkward hiatus thus created authorized the conclusion that the state had consented to be sued directly. This court found it doubtful that the legislature would reverse seventy years of consistent statutory interpretation disallowing suits against the state by so obscure and devious a method. However, this case did label the state as a real party in interest.

The individual state employee defendants in this case contend that sec. 270.58, Stats., automatically transforms any suit against a state employee into a suit against the state because the state is potentially liable on the judgment. However, if sec. 270.58 is read to provide that suits in tort against state employees are to be treated as suits in tort against the state, and if the legislature has not by that statute consented to suits in tort against the

---

[5] (1968), 38 Wis. 2d 676, 158 N. W. 2d 370.

state, then no damage judgments could be obtained in suits against state employees, and the provision in sec. 270.58 for the payment of such damages out of state funds would be meaningless.

Quite the contrary, it is clear that in enacting sec. 270.58, Stats., the legislature contemplated that state employees were subject to suit in tort under the law of Wisconsin and wished gratuitously to shield them from monetary loss in such suits.

However, the defendants are not alone in their misinterpretation of the effect of sec. 270.58, Stats. The plaintiffs apparently contend that they are bringing this suit pursuant to sec. 270.58. In other words they feel that sec. 270.58 is a substantive statute creating a cause of action against employees for any action or inaction within the scope of their employment. At page 10 of their brief, plaintiffs-respondents state that the *Forseth Case* "acknowledges that the statute permits direct suit against state employees acting in good faith." And again at page 12 of their brief respondents state "We contend simply that the statute permits suit against Ehly." The trial court apparently agreed with the plaintiffs' interpretation of the statute. The trial court in its decision overruling the defendants' demurrer said:

". . . Sec. 270.58 permits suits against employees of the state for acts committed while carrying out their duties and makes the State liable on the judgment. The barrier of immunity still stands in favor of the State because it has never been legislatively removed. The Legislature has gone only so far as to permit suits against State employees and the establishment of indirect liability on the State by the enactment of Section 270.58."

In *Forseth v. Sweet* [6] this court said that "[n]o new exposure to substantive liability was contemplated by this statute." The most recent case to discuss sec. 270.58,

[6] *Id.* at page 682.

Stats., was *Chart v. Dvorak.*[7] The original decision contained language which led the plaintiffs to conclude that the statute did create a course of action against employees. The offending sentence was clarified on rehearing. The case had referred to sec. 270.58 as embodying the "long settled law . . . that public officers or employees may be proceeded against in their official capacities." It was called to the court's attention that this could be construed as a rule of liability. On rehearing [8] the court indicated that that was not intended. The court said:

". . . It was not so intended; and were it given that blanket interpretation, it would be incorrect. Sec. 270.58 imposes an obligation on the state or municipality only if a judgment has been secured against the officer or employee. As stated in the opinion, the duty of the defendants herein was of a nondelegable, ministerial nature. These facts, if proved on trial, would impose liability not on the basis of sec. 270.58, but rather on the rationale of *Meyer v. Carman* (1955), 271 Wis. 329, 73 N. W. 2d 514."

This adequately shows the error of the plaintiffs and the trial court. Any liability of state employees is governed by the common law as adopted in this state by the supreme court. If the defendants are liable under the applicable doctrines, then sec. 270.58 provides that the state will pay the judgment if the action or inaction giving rise to the liability was done in good faith within the scope of state employment. Sec. 270.58 does not become applicable until after a judgment of liability is entered.

3. *Does the management of Parfrey's Glen lie with the Wisconsin department of natural resources and the scientific areas preservation council and not with the defendants?* The defendants also contend that any duty

---

[7] (1973), 57 Wis. 2d 92, 203 N. W. 2d 673.
[8] *Id.* at page 105.

which may have been breached was not owed by them to the plaintiffs, but rather any duty owed lay with the department of natural resources and the scientific areas preservation council. This is a way of arguing that they are the wrong defendants. This argument was raised by the defendants in *Chart v. Dvorak*. The defendants in that case argued that they were the agents of the state highway commission and their acts were the acts of such commission and that therefore they were entitled to partake of the governmental immunity enjoyed by the commission. This court rejected that contention in these words:

". . . It is obvious that the state is immobile absent employees or agents to carry on its functions. All state employees are, therefore, agents of the state when performing those tasks entrusted to them. [To agree with appellants' position that they, as agents of the highway commission, ought to be allowed to partake of the governmental immunity enjoyed by that commission, this court would have to overlook the long settled law of this state, embodied in sec. 270.58, Stats., that public officers or employees may be proceeded against in their official capacities.]" [9]

The defendants call this court's attention to the case of *Meyer v. Carman*.[10] In that case a suit was brought against members of the school board for damages sustained when a fourteen-year-old boy was injured on a school playground when he fell from an unguarded retaining wall. This court decided that the defendants were entitled to have the suit dismissed for two reasons. First the court decided that the duty of the defendants was of a discretionary nature and therefore they could not be held individually liable for negligence in performing that duty. And the court also said that the duty im-

[9] *Id.* at page 103. The bracketed sentence was clarified on rehearing.
[10] (1955), 271 Wis. 329, 73 N. W. 2d 514.

posed by statute to "keep the buildings and grounds in good repair, suitably equipped and in safe and sanitary condition" was imposed on the *board.* The court concluded that the board members could not be held individually responsible for the *board's* failure to act.

The cases of *Meyer v. Carman* and *Chart v. Dvorak* are distinguishable and not contradictory. The *Meyer Case,* confined to its facts, concerns the absence of personal liability of school board members, where they are considered to be performing discretionary duties. *Chart* involves the alleged performance of ministerial, nondiscretionary duties.

4. *Does the complaint set forth allegations of negligence in the performance of ministerial duties by individual defendants?* Thus, we reach the crucial question here, whether the complaint sets forth allegations of negligence in the performance of ministerial duties so as to withstand the defendants' demurrer. We are satisfied that it does. The complaint alleges:

"A. Having actual knowledge of the aforesaid extremely dangerous and hazardous conditions at Parfrey's Glen or charged with a position of authority and responsibility with the Department of Natural Resources as a public officer and employee whereby they knew or should have known of said hazardous conditions, they and each of them failed to take any action to remedy said condition, to-wit: defendants failed to see to the installation and maintenance in said Parfrey's Glen of adequate barricades, safeguards, fences or other physical barriers and protections along those few parts of the trails atop the high ground of said facility where there was otherwise an unprotected sheer drop from the trail into the gorge, and

"B. Knowing that conditions extremely hazardous to human life and limb existed at said public facility, and holding a position of direct responsibility and authority with the Department of Natural Resources as a public officer and employee, defendants failed to take any action whatever to warn the public against the dangers and

hazards of the aforementioned places on the high ground trails of said public facility, and

"C. Knowing said extremely dangerous and hazardous conditions to exist, or holding a position of responsibility and authority with the Department of Natural Resources whereby ordinary inspection and/or reading of their own files would have revealed the existence of such conditions, defendants failed to take appropriate steps to limit the unrestricted public use of said Parfrey's Glen facility by members of the general public especially during hours of darkness."

The *Meyer Case* reiterates the general rule that "a public officer who knowingly or negligently fails to do a ministerial act which the law requires him to do may be compelled to respond in damages to an injured party." [11] In *Chart v. Dvorak* the court, applying the ministerial/discretionary distinction, held that highway commission engineers could not be held liable for the decision as to whether or not to locate a traffic sign at a particular place, but that once the decision was made, the signs were to be placed in accord with standards developed by the highway commission. Therefore, the actual placement of the signs was ministerial. This court held that a question of fact was presented as to whether the signs in question had been properly placed. The court also concluded that the named defendants had the nondelegable duty to see that the signs were properly placed.

A different question of fact is presented here as to whether the alleged negligence is in the performance of ministerial duties by the individual defendants. It cannot be said on the basis of the complaint that the plaintiffs will be unable to prove any set of facts in support of their claim which would entitle them to relief. [12] The plaintiffs are entitled to their trial on these contentions.

*By the Court.*—Order affirmed.

---

[11] *Id.* at page 331.

[12] *Nelson v. La Crosse Trailer Corp.* (1949), 254 Wis. 414, 37 N. W. 2d 63.