PAVLIK, Plaintiff-Respondent, v. KINSEY, and others, Defendants-Appellants: CITY OF PORT WASHINGTON, and others, Defendants.

*No. 75–658. Argued September 6, 1977.—Decided*
*November 30, 1977.*
(Also reported in 259 N.W.2d 709.)

44

For the appellants there was a brief by *Peter S. Nelson* and *Fulton, Menn & Nehs, Ltd.*, and oral argument by *Mr. Nelson*, all of Appleton.

For the respondent there was a brief by *Howard A. Davis, Jean Seaburg* and *Habush, Gillick, Habush, Davis & Murphy*, and oral argument by *Howard A. Davis*, all of Milwaukee.

HEFFERNAN, J. The appeal before this court is from an order overruling the demurrer of the defendants to the plaintiff's complaint. The plaintiff, Rita Pavlik, alleges that she was injured on December 22, 1973, while driving on Temporary Highway 141 near the intersection of Highway 32. Because of reconstruction, Highway 141

had been rerouted. The facts alleged demonstrate that the rerouting resulted in a sharp left turn and that, while attempting to negotiate this turn, Rita Pavlik's vehicle left the road and she was injured. Although a cause of action is alleged against the City of Port Washington, the County of Ozaukee, the Proksch Construction Company, and the insurers, only the individual defendants, who are employees of the Division of Highways of the State Department of Transportation, have appealed.

Thomas R. Kinsey is the District Engineer, Robert E. Jack is the District Chief Construction and Materials Engineer, John A. White is the District Chief Maintenance Engineer, and Donald H. Jorgensen is the District Chief Traffic Engineer.

On the appeal, these employees argue that their demurrer should have been sustained, because the complaint alleges no facts which, if believed, would constitute a negligent act or omission by a state employee.

Basically, the defendants rely upon the contention that the acts alleged here show only that the temporary roadway was constructed in accordance with the decisions of the Department of Transportation and that these decisions were of a legislative nature, which, as this court pointed out in *Holytz v. Milwaukee,* 17 Wis.2d 26, 115 N.W.2d 618 (1962), do not give rise to actionable negligence.

On the other hand, the plaintiff argues that we are concerned here not with a legislative-type decision made by the Department of Transportation, but rather with the failure to carry out a ministerial duty in a non-negligent way, and that a breach of a ministerial duty may constitute actionable negligence in respect to the conduct of a public employee.

Principal reliance is placed upon *Chart v. Dvorak,* 57 Wis.2d 92, 203 N.W.2d 673 (1973). If the complaint

only involves an allegation that the legislative-type decision of the department is less than the best that could reasonably have been made or that the acts of the employees were discretionary in nature, the defendants are correct and the demurrer should have been sustained. On the other hand, if, from the face of the complaint, it can be arguably concluded that the defendant state employees negligently performed a ministerial duty, the trial court properly overruled the demurrer.

We conclude that the breach of a ministerial duty is at least minimally stated.

The standards for testing the statement of a cause of action are well understood and have frequently been restated by this court. *De Bauche v. Knott,* 69 Wis.2d 119, 122, 230 N.W.2d 158 (1975), citing earlier cases, said:

" '[I]n determining whether a complaint is subject to a demurrer, the most liberal interpretation possible must be given to it. If the complaint states any facts on which the plaintiff can recover, it must be held to state a cause of action.' "

A demurrer to a complaint should be overruled if the complaint expressly, or by reasonable inference, states any cause of action. *Bembinster v. Aero Auto Parts, Inc.,* 7 Wis.2d 54, 95 N.W.2d 778 (1959); *Cords v. Ehly,* 62 Wis.2d 31, 214 N.W.2d 432 (1974).

Because this case involves alleged acts of negligence by public employees, whether a cause of action has been stated must be tested by the rules peculiar to the legal liabilities of public employees. The *Holytz* case, *supra,* relied upon by the defendants is not particularly relevant to the facts alleged here. *Holytz* was primarily concerned with the abrogation of governmental immunity. Prior to *Holytz,* although a governmental employee acted negligently, the usual master and servant rules did not apply

and the doctrine of *respondeat superior* was unavailable to impose liability on a governmental entity.

The question, however, of individual liability of governmental employees had been dealt with by this court long before *Holytz. Lowe v. Conroy,* 120 Wis. 151, 97 N.W. 942 (1904), acknowledged that, under the then existing law, no liability on the part of a governmental body arose from injuries resulting from the acts or default of its officers or employees while performing a duty imposed upon the governmental body for the benefit of the public at large. It recognized, however, that an individual employee of a governmental body may be liable for injuries to private property or to persons under limited circumstances. Thus, the *Holytz* case, although stating a new rule of law in respect to governmental immunity, did not restate or attempt to supersede the existing common law in respect to the individual liability of public employees.

The general rule of public officer immunity, as long understood in this state, has recently been restated by this court in *Lister v. Board of Regents,* 72 Wis.2d 282, 300, 240 N.W.2d 610 (1976). We said therein:

> "The general rule is that a public officer is not personally liable to one injured as a result of an act performed within the scope of his official authority and in the line of his official duty."

The immunity afforded to public officers is, however, not founded upon the principles of sovereign immunity —the king can do no wrong—but rather upon principles of public policy. These principles were stated in *Lister, supra,* at 299:

> "(1) The danger of influencing public officers in the performance of their functions by the threat of lawsuit;

(2) the deterrent effect which the threat of personal liability might have on those who are considering entering public service; (3) the drain on valuable time caused by such actions; (4) the unfairness of subjecting officials to personal liability for the acts of their subordinates; and (5) the feeling that the ballot and removal procedures are more appropriate methods of dealing with misconduct in public office."

As a matter of public policy, this court has adopted limited exceptions to the usual immunity. In *Lowe v. Conroy, supra,* for example, recovery was permitted against a public health officer when he ordered the destruction of cattle which he incorrectly diagnosed as being diseased with anthrax bacilli. Prosser, *Law of Torts* (Hornbook Series, 4th ed.), sec. 132, p. 991, interprets this case as making a public employee liable even for a discretionary act when he erroneously acts wholly outside of his authority.

However, the most general exception to the rule of immunity is that an officer is liable for the negligent performance of a ministerial act. This exception was recognized prior to *Holytz,* and representative statements of the ministerial exception are to be found in *Meyer v. Carman,* 271 Wis. 329, 332, 73 N.W.2d 514 (1955); *Clausen v. Eckstein,* 7 Wis.2d 409, 413, 97 N.W.2d 201 (1959). *Lister, supra,* at 301, relying upon these two earlier cases, stated:

"A public officer's duty is ministerial only when it is absolute, certain, and imperative, involving merely the performance of a specific task when the law imposes, prescribes and defines the time, mode and occasion for its performance with such certainty that nothing remains for judgment or discretion."

*Chart v. Dvorak, supra,* pointed out, however, that, once a legislative or quasi-legislative type of decision is

made, which decision in itself would be immune from the imposition of liability, the very officer who made the immune decision may nevertheless be subject to liability as a public officer for the breach of the ministerial duty imposed by that decision. *See, Chart,* at 100.

The basic question in testing the sufficiency of the complaint on this demurrer is, therefore, whether any ministerial duty of the defendant employees is alleged to have been breached. Interpreting this complaint liberally, as we must, we conclude that the complaint, in most respects, is sufficient to state a cause of action.

Although the negligence of the several defendants is alleged in separately numbered paragraphs of the complaint, the allegations against the defendants can be divided into five categories.

In the first category, it is alleged that each of the defendants failed to carry out the duties of his employment in accordance with standards developed by (a) the Division of Highways, (b) the American Association of State Highway Officials and adopted by the Division of Highways, and (c) the National Joint Committee on Uniform Traffic Control Devices and adopted by the Division of Highways.

In the second category, it is alleged that, although the decisions had been made by the Division of Highways that the following actions were needed, each defendant negligently failed to have signs erected (a) warning of the extreme danger of slipping or skidding, (b) warning sufficiently in advance of the sharp left turn, and (c) limiting speed low enough for safe travel.

In the third category, it is alleged that, after a decision had been made by the Division of Highways to reroute traffic, Kinsey, Jack, and Jorgensen negligently failed to cause to be constructed the temporary road at a proper superelevation to permit safe travel.

In respect to each of these three categories of allegations, giving them their most liberal interpretation in favor of the complainant, a breach of ministerial duty imposed by law is arguably stated. It is true that the allegations in the first category—that the defendants failed to carry out duties in accordance with standards—do not explicitly and unequivocally state the breach of a ministerial duty. The duties imposed by those standards might well be of a discretionary nature.

In respect to the allegations in the second category, again construing the allegations liberally, the duty imposed is arguably ministerial. But the complaint fails to allege whether, in fact, the decisions made by the Division of Highways were explicit enough to impose mandatory duties on the defendants. It is apparent, however, that, were these duties mandatory in nature, they were duties imposed by law upon subordinate employees of the Department of Transportation.

Giving the allegations in the first and second categories their most liberal construction, the breach of a ministerial duty may be inferred.

The same analysis is appropriate to the third category of allegations. The decision of the Division of Highways in respect to the rerouting of traffic is not stated explicitly enough for this court to know with complete certainty that the failure to provide an appropriate superelevation constituted a breach of a ministerial duty, but liberally construed the complaint is minimally sufficient.

In respect to all of the allegations in the first three categories, we assume that the standards or department decisions are applicable and binding upon the defendants as a matter of law governing employment. While that conclusion can be inferred, applying principles of liberal

construction, these are facts which may be subject to proof on a motion for summary judgment or at trial.

The complaint in respect to all these allegations speaks in generalities, from which only by the most liberal interpretation can ministerial duties be inferred. It may well be that this complaint cannot withstand an attack on its underlying facts, but that problem is not posed on demurrer, where all doubts must be construed favorably to the plaintiff.

Although we find the allegations encompassed in the three categories set forth above to be sufficient, the fourth and fifth categories of allegations are not.

The fourth category alleged that each defendant allowed the road to be opened before it was adequately lighted and marked with signs and that each of them was negligent in failing to carry out the duties of his office.

The fifth category, applying only to Jorgensen, alleges that, although Jorgensen knew that lights had been provided on the original Highway 141 and that lighting would be needed on the temporary highway for reasonably safe travel, he did not advise the City of Port Washington to apply for appropriate lighting.

The allegations in the fourth and fifth categories refer to duties which are general in nature and which are not stated to be pursuant to some specific direction of a superior authority. They are unlike the allegations in respect to specific standards adopted by the Division of Highways or decisions made by the Division which the defendants allegedly failed to carry out.

The allegations in the fourth and fifth categories appear to be so much within the spectrum of discretionary duties that, even by a most liberal interpretation, we cannot infer that a ministerial duty is alleged. Accordingly, to the extent that the order of the circuit court

concluded that these allegations stated a cause of action, the order in respect to them is modified to provide that the demurrer be sustained.

Since the trial judge appropriately found that a cause of action was stated, the effect of our conclusion that the complaint was in part deficient results not in a reversal, but in a mandate providing for the modification and affirmance of that trial court order.

Although the fact situation in this case is dissimilar to that in *Cords v. Ehly*, 62 Wis.2d 31, 41, 214 N.W.2d 432 (1974), it is nevertheless analogous in the sense that, although a cause of action alleging a breach of ministerial duty has arguably been stated, fact questions are posed which require the determination of the exact nature of the duty imposed on these defendants. A portion of these fact questions can perhaps be tested on a motion for summary judgment. Others may have to abide a determination by the fact finder.

*By the Court.*—Order modified and, as modified, affirmed.