HORACE MANN INSURANCE COMPANY, Plaintiff-Respondent v. WAUWATOSA BOARD OF EDUCATION, Defendant-Appellant.

Supreme Court

*No. 76–519. Submitted on briefs January 31, 1979.—Decided March 27, 1979.*
(Also reported in 276 N.W.2d 761.)

For the appellant the cause was submitted on the brief of *Kenney, Krembs, Fellows & Wolfe* of Milwaukee.

For the respondent the cause was submitted on the brief of *James R. Gass, Russell M. Ware* and *Kasdorf, Dall, Lewis & Swietlik* of Milwaukee.

DAY, J.   This is an appeal from a judgment for the plaintiff, Horace Mann Insurance Company (hereafter insurer), in the amount of $10,110.44 entered January 5, 1977, against the defendant-appellant, Wauwatosa Board of Education, (hereafter Board of Education) for the expense of defending an action brought against a member of the Wisconsin Education Association (WEA) and another action brought against two members of the National Association of Secondary School Principals (NASSP). Both associations had contracts with the insurer for liability insurance and legal defense of their members. The judgment included the cost of prosecuting the action for reimbursement. The trial court held that the insurer was entitled to recover for the legal defense of the public employees pursuant to sec. 270.58, Stats. 1969. [1]

---

[1] "270.58.   **State and political subdivisions thereof to pay judgments taken against officers.**   (1) Where the defendant in any action or special proceeding is a public officer or employe and is proceeded against in his official capacity or is proceeded against as an individual because of acts committed while carrying out his duties as an officer or employe and the jury or the court finds that he acted in good faith the judgment as to damages and costs entered against the officer or employe shall be paid by the state or political subdivision of which he is an officer or employe. Regardless of the results of the litigation the governmental unit shall pay reasonable attorney's fees and costs of defending the action, unless it is found by the court or jury that the defendant officer or employe did not act in good faith, when it does not provide legal counsel to the defendant officer or employe. Deputy sheriffs in those counties where they serve not at the will of the sheriff but on civil service basis shall be covered by this subsection, except that the provision relating to payment of the

The question is whether the insurer of these public employees succeeds to their rights to reimbursement for legal defense cost under the provisions of sec. 270.58(1), Stats. 1969.

We conclude that the answer is "no" and accordingly we reverse the judgment and remand the cause for further proceedings.

The insurer commenced this action on February 18, 1976, seeking to recover from the Board of Education the legal fees and costs of defense in two actions against employees of the board. Horace Mann Insurance Company, as insurer of the members of the WEA and NASSP, had undertaken the defense of the two actions. The parties stipulated to the facts that are the basis of this action.

The first action for which Horace Mann sought reimbursement for defense expenses was brought in circuit court for Milwaukee county in February 1970 against a teacher at the Longfellow Junior High School in Wauwatosa, Wisconsin, by a ninth grade student and his father. The teacher was an insured member of WEA. The complaint alleged an assault and battery by the teacher against the student. The defense of the teacher was tendered to the defendant school board in March 1970 and was refused. After trial in March 1975, the teacher's motion for a directed verdict was granted and a judgment was entered dismissing the complaint on the merits on April 7, 1975. It is stipulated that the teacher acted in good faith as required by the statute.

The second action was brought by the same student who had been expelled from the Longfellow Junior High

judgment shall be discretionary and not mandatory. In such counties the judgment as to damages and costs may be paid by the county if approved by the county board."

The statute has since been amended several times and renumbered as sec. 895.46(1), Stats. Changes in the statute are discussed *infra.*

School in the spring of 1970 and by the student's father. The defendants were the Board of Education members, the superintendent, the principal and the assistant principal. The action was brought in the U. S. District Court for the Eastern District of Wisconsin later in 1970. The principal and assistant principal were NASSP members, and were represented in the action by counsel retained by the insurer after tender of their defense to the Board of Education was rejected. The principal and assistant principal were dismissed as defendants on December 20, 1974, after it was determined that they were not involved in expelling the student and that their acts consisted only of keeping anecdotal records concerning the student and presenting these records to the Board of Education. The action was later settled between the student and remaining defendants.

The insurer had contracted with the WEA and NASSP to provide liability insurance and legal services to their members. The insurer retained and paid legal counsel to defend the teacher and to defend the principal and assistant principal. The cost of defending the teacher was $5,182.85 and the cost of defending the principal and assistant principal was $2,194.90.

Following the litigation in these two cases, the insurer filed a claim with the Board of Education for the defense expenses. This claim was denied, and the instant action was commenced. Based on the stipulated facts, the Board of Education and the insurer each moved for summary judgment. In a memorandum decision, the trial court concluded that the insurer could recover for the expense of defending the public employees under sec. 270.58(1), Stats. 1969. The court noted that if the employees had retained counsel and personally paid attorney's fees, they would be able to recover under the statute. Judgment was entered for the insurer in the amount of $10,110.44. This represented the cost of the defense in the two suits against the public employees as well as

the cost of prosecuting the claim for reimbursement against the Board of Education. The insurer further seeks reimbursement for the expense of this appeal.

The only contested issue is the legal one of whether the insurer of these public employees succeeds to their statutory right to reimbursement for defense costs in the actions against them based on acts "committed while carrying out . . . duties as an employe . . . act[ing] in good faith."[2] The statute makes no reference to recovery by an insurer which paid for the defense of public employees pursuant to contract, but the insurer argues that either by implication from the statute or under the doctrine of subrogation it should be able to recover.

The legislative history of this statute shows that it was enacted originally to protect public officers from personal responsibility for judgments arising out of their official duties. As created by Laws of 1943, ch. 377, the statute required the state or political subdivision to pay judgments as to damages and costs against public officers acting in an official capacity and in good faith. A memorandum in the drafting files for the legislation indicates that the statute was prompted by the result in *State ex rel. Lathers v. Smith*, 242 Wis. 512, 8 N.W.2d 345 (1943). In that case the state treasurer, though acting in good faith, was held personally responsible for damages and costs in a mandamus proceeding brought by a highway contractor. The drafting memorandum states that the *Lathers* result "casts a most unfair and unreasonable burden upon all treasurers."

The statute has since been amended several times. Its protections were extended to public employees in addition to officers by Laws of 1965, ch. 603, an amendment which also provided for payment of attorneys' fees and

[2] The parties do not dispute that the applicable statute is 270.58(1) in effect in 1969 and 1970, when the underlying acts of the employees allegedly occurred.

costs of defense in addition to judgments. The statute was renumbered in 1975 as sec. 895.46(1), Stats.,[3] and that year was also amended to provide that the state or political subdivision shall pay judgments as to damages and costs "in excess of any insurance applicable to such officer or employee." This qualification was not also

---

[3] "895.46. **State and political subdivisions thereof to pay judgments taken against officers.** (1) Where the defendant in any action or special proceeding is a public officer or employe and is proceeded against in an official capacity or is proceeded against as an individual because of acts committed while carrying out duties as an officer or employe and the jury or the court finds that such defendant was acting within the scope of employment the *judgment as to damages and costs entered against the officer or employe in excess of any insurance applicable to such officer or employe shall be paid by the state or political subdivision of which the defendant is an officer or employe.* Agents of any department of the state shall be covered by this section while acting within the scope of any written agreement entered into prior to the occurrence of any act which results in any action or special proceeding. Regardless of the results of the litigation the governmental unit, when it does not provide legal counsel to the defendant officer or employe, shall pay reasonable attorney's fees and costs of defending the action, unless it is found by the court or jury that the defendant officer or employe did not act within the scope of employment. Failure by the officer or employe to give to his or her department head of action or special proceeding commenced against the defendant officer or employe as soon as reasonably possible shall be a bar to recovery by the officer or employe from the state or political subdivision of reasonable attorney's fees and costs of defending the action. Such attorney's fees and expenses shall not be recoverable if the state or political subdivision offers the officer or employe legal counsel and such officer is refused by the defendant officer or employe. Deputy sheriffs in those counties where they serve not at the will of the sheriff but on civil service basis shall be covered by this subsection, except that the provision relating to payment of the judgment shall be discretionary and not mandatory. In such counties the judgment as to damages and costs may be paid by the county if approved by the county board." (Emphasis added.)

attached to the language providing for payment of legal fees and the costs of defending an action. Under the statute as amended in 1975, it is clear that an insurance company could not recover against the governmental unit after paying a judgment against a public employee-insured because the right of recovery under the statute is limited to that portion of the judgment in excess of insurance coverage.

This court has read the purpose of the statute to be protection of public employees from monetary loss, a protection that was voluntarily provided. The court in *Cords v. Ehly*, 62 Wis.2d 31, 37, 214 N.W.2d 432 (1974) stated:

". . . it is clear that in enacting sec. 270.58, Stats., the legislature contemplated that state employees were subject to suit in tort under the law of Wisconsin and wished gratuitously to shield them from monetary loss in such suits."

In the companion case of *Cords v. State*, 62 Wis.2d 42, 55, 214 N.W.2d 405 (1974), the court said that ". . . the state could repeal this statute at any time without depriving state employees of any vested rights." The state did not, by the statute, issue a "policy of insurance." 62 Wis.2d at 55.

There is no indication that at the time the statute was created in 1943 the legislature considered the place of insurance in the recovery scheme. The legislative history and court interpretations described above demonstrate that the purpose of the statute was not specifically to have the state or political subdivision assume the cost of defending actions against public officers and employees and of paying judgments in such actions. Rather, the purpose was to shield public employees from loss. Once the legislature specifically considered the issue of how to treat insurance in the statutory scheme, it chose an approach which protects employees when insurance does not do so, rather than an approach which would in essence make the state or political subdivision the primary in-

surer. The change in the statute merely makes the legislature's intent explicit.

Because the 1975 amendment is properly viewed as a clarification, an employee can only recover from the state or political subdivision for that portion of a judgment and of legal fees and defense costs in excess of applicable insurance coverage. Therefore, the public employees' insurer in the case before us has no right of recovery under that statute.[4]

Several other jurisdictions have interpreted statutes similar to the Wisconsin statute prior to the 1975 amendment as allowing insurers to succeed to the statutory rights of insured public employees. In *St. Paul Insurance Companies v. Horace Mann Insurance Co.*, 231 N.W.2d 619 (Iowa 1975), the court held that an insurer of a school district could not receive contribution from the insurer of a teacher because under a statute similar to the old Wisconsin one the teacher would be entitled to indemnification from the school district. By implication, the court took the position that the insurer of the teacher stood in the shoes of its insured under the statute. The Iowa court relied heavily on *Bridewell v. Board of Education of Shawnee Community Unit School District*, 276 N.E.2d 745 (Ill. App. 1971). The *Bridewell* case held that the insurer of a public school teacher could recover defense expenses from the insurer of the public school district under an Illinois statute providing for public indemnification of teachers. The court reasoned:

"It does not appear to this court to be a worthy interpretation of the acts of the legislative body of this State to hold that whether an employee of a school district has or has not individual liability insurance should determine

---

[4] The insurer submits an unpublished opinion of the Wisconsin Court of Appeals. An unpublished opinion "has no precedental value and for this reason may not be cited in any court of this state as precedent or authority" except in limited situations not applicable here. Sec. (Rule) 809.23(3), Stats.

whether or not the individual is indemnified and granted the protection of the statute." 276 N.E.2d at 750.

The Illinois court thus took issue with the very distinction now embodied in the Wisconsin statute by the 1975 amendment. Reimbursement for judgments under the Wisconsin statute now depends on whether the employee is otherwise protected by insurance. It serves the legislative purpose of protecting public employees against monetary loss.

The Wisconsin approach is supported by the New York case of *Sun Indemnity Co. v. Board of Education of the City of New York,* 138 Misc. 382, 34 N.Y.S.2d 475 (Supreme Court, App. Div., 1942), which held that an indemnity statute contemplated that only teachers and not their insurers would be the beneficiaries of indemnity. The court said that the statute "was passed for the exclusive benefit of teachers." 34 N.Y.S.2d at 476.

The insurer argues that if an insurer of public employees cannot stand in their shoes and recover under the statute, the employees will be discouraged from purchasing liability insurance. To the extent that the employees' insurance covers judgments and defense costs that would otherwise be recoverable under the statute, the employees are choosing to pay for coverage they would otherwise get free. But they may have other reasons for purchasing insurance which seems to duplicate protection already provided by statute—perhaps to have their defense undertaken and paid for from the outset by the insurer. Under sec. 895.46(1), as under sec. 270.58(1), Stats., (1969), the governmental unit has the option of either providing counsel itself or refusing to do so and reimbursing the employee by paying reasonable attorney's fees and costs of defense at the end of litigation if the employee qualifies for reimbursement under the statute.

In view of the legislature's original silence on the place of insurance in the scheme and the later amendment to

allow recovery of judgments only to the extent they are in excess of insurance coverage, this court does not read into the statute a provision for the insurer here to succeed to the statutory rights of its insureds.

The insurer also argues that it should recover under the doctrine of subrogation. Subrogation is an equitable doctrine which prevents unjust enrichment, and one seeking subrogation must have superior equity. 16 Couch, *Insurance* 2d 248–252 (1966). Subrogation deprives a wrongdoer who is legally responsible for harm of the windfall of being absolved from liability because the injured party obtained and paid for insurance. *Id.* at 248. This court has repeatedly said that the purpose of the doctrine of subrogation is to avoid unjust enrichment and that it operates when someone other than a mere volunteer pays a debt or demand which should have been paid by another. *Interstate Fire & Casualty Co. v. Milwaukee,* 45 Wis.2d 331, 334, 173 N.W.2d 187 (1970); *Perkins v. Worzala,* 31 Wis.2d 634, 637, 143 N.W.2d 516 (1966); *Lee v. Threshermen's Mut. Ins. Co.,* 26 Wis.2d 361, 363–365, 132 N.W.2d 534 (1965).

In *Interstate Fire & Casualty, supra,* an insurance company sued as subrogee of its insureds against the city of Milwaukee under a statute making the city liable for mob or riot damage. The city was not a wrongdoer, and the doctrine of subrogation was therefore held inapplicable. The statute was not based on any idea of municipal culpability but rather on a public policy of compensating unfortunate citizens. *Id.* at 335.

In the statute at issue in the instant case, the legislature gratuitously and benevolently undertook to protect public employees where they had acted in good faith. *Cords v. Ehly, supra,* at 37; *Cords v. State, supra,* at 55. The statute requiring governmental units to pay judgments and legal defense costs is not based on the theory that the governmental unit is at fault. We find nothing

in the language or history of the statute that mandates recovery by the insurer in this case.

*By the Court.*—Reversed and remanded with directions to vacate the judgment and enter judgment for the defendant Board of Education.