Anthony BROOME et al., Plaintiffs,

v.

Donald PERCY et al., Defendants.

No. 78–C–631.

United States District Court, E. D. Wisconsin.

May 11, 1979.

Richard L. Cates, State Public Defender by Elizabeth Alexander, Asst. State Public Defender, Madison, Wis., for plaintiffs.

Bronson C. La Follette, Atty. Gen. by Steven C. Underwood, Asst. Atty. Gen., Madison, Wis., for defendants.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

This is a civil action brought under 42 U.S.C. § 1983 seeking declaratory and injunctive relief, as well as money damages. The named plaintiffs represent a class of all persons who are or who will be confined in adult correctional institutions of the state of Wisconsin. The defendants are state officials who are responsible for those institutions. This case is presently before me on the defendants' motion to dismiss the plaintiffs' damage claims. For the reasons which follow, the defendants' motion will be denied.

The named plaintiffs allege that they received misconduct reports for violating Division of Corrections rule of conduct 14.03 which provides:

"*Petitions.* Residents shall not join in any petition or statement with another but shall submit any petition or statement in their name only. Solicitation of another to join in a group petition or statement is a violation of this rule."

The plaintiffs allege that the promulgation and enforcement of rule 14.03 violates the plaintiffs' First Amendment rights to petition for the redress of grievances and to free association.

The sole basis for the defendants' motion is their claim that a suit for damages against them is barred by the Eleventh Amendment, which states:

"The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."

This action was filed against the defendant state officers individually and in their official capacities. The Eleventh Amendment bars actions which are in essence brought to recover money from the state even though individual officials are nominal defendants. *Ford Motor Co. v. Department of Treasury*, 323 U.S. 459, 464, 65 S.Ct. 347, 89 L.Ed. 389 (1945). The issue presented by the instant motion is whether

the plaintiffs' claims for damages against the defendants as individuals are in actuality claims against the state of Wisconsin.

■ I begin my analysis of this issue by noting that damage actions brought against state officials under 42 U.S.C. § 1983 are not automatically barred by the Eleventh Amendment, as the defendants implied in their reply brief. ' In *Scheuer v. Rhodes*, 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974), the personal representatives of students killed in the course of the Kent State University disturbances in 1970 sought substantial damages under § 1983 against the governor of Ohio and the president of the university among others. The defendants urged that the suit was, in fact if not in form, against the state of Ohio and thus barred by the Eleventh Amendment. The Supreme Court rejected the defendants' argument and stated:

"... since *Ex parte Young*, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908), it has been settled that the Eleventh Amendment provides no shield for a state official confronted by a claim that he had deprived another of a federal right under the color of state law.

"... damages against individual defendants are a permissible remedy in some circumstances notwithstanding the fact that they hold public office." 416 U.S. at 237–38, 94 S.Ct. at 1687.

The fact that damages are available in some circumstances under § 1983 against prison officials is reflected in the decision of the Court in *Procunier v. Navarette*, 434 U.S. 555, 98 S.Ct. 855, 55 L.Ed.2d 24 (1978). In that case, the Court recognized that a prison official might be liable for damages under § 1983, but granted such an official immunity from such damages unless the official " 'knew or reasonably should have known that the action he took within his sphere of official responsibility would violate the [constitutional] rights of the [plaintiff], or if he took the action with the malicious intention to cause a deprivation of constitutional rights or other injury to the [plaintiff].'" Id. at 562, 98 S.Ct. at 860,

quoting *Wood v. Strickland*, 420 U.S. 308, 321, 95 S.Ct. 992, 43 L.Ed.2d 214 (1975). *See also Buise v. Hudkins*, 584 F.2d 223 (7th Cir. 1978) (holding that prisoners may be entitled to damages for violations of their First Amendment rights).

The defendants argue that damages against the defendants in this case are precluded by the Supreme Court's decision in *Edelman v. Jordan*, 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974). In that case, the plaintiff sued the director of the Illinois Department of Public Aid, seeking in part retroactive payment of welfare benefits. The Court held that the Eleventh Amendment barred the plaintiff's claim for the statutory benefits. In so holding, the Court relied upon *Ford Motor Co. v. Department of Treasury*, 323 U.S. 459, 65 S.Ct. 347, 89 L.Ed. 389 (1945), in which the Court held that the Eleventh Amendment barred a suit in federal court against state tax officials by a plaintiff seeking a state tax refund.

The defendants' reliance on *Edelman* is misplaced. The clear distinction between *Edelman* and *Ford Motor* on one hand, and *Procunier, Scheuer*, and *Wood* on the other, is that in the former cases the plaintiffs sought fixed sums claimed as statutory debts, whereas in the latter group of cases, the plaintiffs sought to recover damages, unliquidated in amount, for violation of purely personal rights. The case at bar, in which the plaintiffs seek damages for violations of their First Amendment rights, falls squarely within the latter group of cases.

The defendants have also argued that the Eleventh Amendment bars the plaintiffs' damage claims since the state of Wisconsin would reimburse the defendants for any such liability pursuant to § 895.46(1), Wis. Stats. That statute provides in pertinent part:

*"State and political subdivisions thereof to pay judgments taken against officers.* (1) Where the defendant in any action or special proceeding is a public officer or employe and is proceeded against in an official capacity or is proceeded against as an individual because

**636**

of acts committed while carrying out duties as an officer or employe and the jury or the court finds that such defendant was acting within the scope of employment the judgment as to damages and costs entered against the officer or employe in excess of any insurance applicable to such officer or employe shall be paid by the state or political subdivision of which the defendant is an officer or employe. Agents of any department of the state shall be covered by this section while acting within the scope of any written agreement entered into prior to the occurrence of any act which results in any action or special proceeding."

In my judgment, the state legislature, in passing § 895.46(1), did not intend to turn actions brought against state employees into actions against the state. The Wisconsin supreme court pointed out the logical flaw of the defendants' argument in *Cords v. Ehly*, 62 Wis.2d 31, 36–37, 214 N.W.2d 432, 435 (1974):

"The individual state employee defendants in this case contend that sec. 270.58, Stats. [the predecessor to sec. 895.46] automatically transforms any suit against a state employee into a suit against the state because the state is potentially liable on the judgment. However, if sec. 270.58 is read to provide that suits in tort against state employees are to be treated as suits *in tort* against the state, and if the legislature has not by that statute consented to suits in tort against the state, then no damage judgments could be obtained in suits against state employees, and the provision in sec. 270.58 for the payment of such damages out of state funds would be meaningless.

"Quite the contrary, it is clear that in enacting sec. 270.58, Stats., the legislature contemplated that state employees were subject to suit in tort under the law of Wisconsin and wished gratuitously to shield them from monetary loss in such suits."

 Finally, regardless of the legislature's intent in passing § 895.46(1), I do not believe a state can unilaterally insulate its officers from liability under § 1983 by the simple device of voluntarily agreeing to reimburse them for their damages. One commentator has noted:

"Despite the obvious importance of reimbursement devices to ensure some financial security for state officials, the state's decision to reimburse may be viewed as voluntary, in the sense that it is not required by federal law or a federal court. Moreover, if awards of damages were held impermissible whenever the state had promised to reimburse the defendants, the state could prevent suits for damages against its officials—and perhaps other persons—simply by guaranteeing reimbursement. For the same reasons, state reimbursement of awards of attorneys' fees should not be held to insulate state officials from such awards." Note, Attorneys' Fees and the Eleventh Amendment, 88 Harv.L.Rev. 1875, 1885 (1975).

I conclude that the plaintiffs in this action could recover damages from the defendant state prison officials under some circumstances. Whether those officials are entitled to the immunity from damages defined in *Procunier* cannot be determined on the record presently before me.

Therefore, IT IS ORDERED that the defendants' motion to dismiss the plaintiffs' claims for damages be and hereby is denied.