Christopher Scott KEEFER, Albert M. Keefer, and Barbara T. Keefer, Plaintiffs-Respondents, †

v.

STATE FARM FIRE & CASUALTY COMPANY, and George W. St. John, Defendants-Appellants,

CENTRAL HIGH SCHOOL DISTRICT OF WESTOSHA, Defendant.

Court of Appeals

*No. 84–1528. Submitted on briefs July 5, 1985.—Decided October 16, 1985.*
(Also reported in 377 N.W.2d 632.)

---

† Petition to review denied.

For the defendants-appellants, the cause was submitted on the briefs of *Russell M. Ware,* of *Schoone, McManus, Hankel, Ware & Fortune, S.C.* of Racine.

For the plaintiffs-respondents, the cause was submitted on the brief of *Charles J. Richards,* of *Phillips, Richards, Lepp, Mayew & Kluka, S.C.* of Kenosha.

Before Scott, C.J., Brown, P.J., and Nettesheim, J.

SCOTT, C.J. State Farm Fire and Casualty Company and others (State Farm) appeal from a nonfinal order[1] denying motions for summary judgment and essentially holding that sec. 893.80, Stats. (1979),[2] does not limit the

---

[1] This court granted the petition for leave to appeal by order of October 11, 1984 on the basis that resolution "in advance of a final judgment may clarify an issue of general importance in the administration of justice." In February 1985, State Farm petitioned the supreme court to take the case on a bypass of the court of appeals. While certification might have been appropriate here, we will address the case on its merits in light of the supreme court's denial of the bypass petition.

personal tort exposure of a government employee, but limits only the governmental body's exposure, to $25,000. We disagree and hold that the language of sec. 893.80(3) clearly and unambiguously limits the amount of recovery against governmental bodies and their employees equally.

Christopher Keefer was injured in a shop class when a steel drum which he was cutting open with an acetylene torch exploded. Evidently, Keefer was doing the cutting at the direction of his shop teacher, George St. John.

Keefer sued St. John, the school district and its insurer, State Farm, for $4,500,000. His parents' damage claim against them was $300,000. State Farm counterclaimed, seeking that the trial court declare that the maximum recovery would be $25,000 per claim. Each side moved for summary judgment based upon the statutory limit. For purposes of those motions, it was conceded that St. John was acting within the scope of his employment and official capacity, that the school district is a governmental subdivision as defined in sec. 893.80, Stats. (1979), and that St. John was performing a ministerial task.

In a decision of July 9, 1984[3] on these motions, the trial court granted summary judgment as to the school district regarding the statutory recovery limitation but denied the motion as to St. John and State Farm. The trial court reasoned that the statute limited the exposure of the school district as a governmental body, but that it did not limit an employee's exposure when sued in his individual capacity. This appeal followed.

---

[2] The parties evidently agree that the applicable recovery limit is $25,000, as specified in sec. 893.80(3), Stats. (1979). This limit was raised to $50,000 by sec. 2, ch. 63, Laws of 1981, effective February 1, 1982.

[3] Two prior decisions on these motions were handed down—one by Judge Zievers and the other by the late Judge John E. Malloy. The decision of July 9, 1984 clarified and, in some respects, modified the earlier ones.

43

The sole question before us is whether sec. 893.80(3), Stats. (1979), limited recovery from a governmental employee to the statutory amount. The application of a statute to a set of facts presents a question of law. *Maxey v. Redevelopment Authority of Racine,* 120 Wis.2d 13, 18, 353 N.W.2d 812, 815 (Ct. App. 1984). Furthermore, in reviewing summary judgment decisions, we independently examine the record to determine whether any genuine issue of material fact exists and whether the moving party is entitled to judgment as a matter of law. *Maynard v. Port Publications, Inc.,* 98 Wis.2d 555, 558, 297 N.W.2d 500, 502–03 (1980). We owe no deference to the trial court's resolution of issues of law. *Behnke v. Behnke,* 103 Wis.2d 449, 452, 309 N.W.2d 21, 22 (Ct. App. 1981).

We are guided primarily by the statute, sec. 893.80(3), Stats. (1979):

> The amount recoverable by any person for any damages, injuries or death in any action founded on tort against any volunteer fire company organized under ch. 213, political corporation, governmental subdivision or agency thereof and against their officers, officials, agents or employes for acts done in their official capacity or in the course of their agency or employment, whether proceeded against jointly or severally, shall not exceed $25,000. No punitive damages may be allowed or recoverable in any such action.

The plain language makes it clear that there is a recovery limitation upon both the governmental subdivision or agency and upon the individual employee for acts done in the course of employment.

The cases cited by the Keefers in support of their contention that recovery from the individual employee is not limited by sec. 893.80(3), Stats. (1979), all primarily address liability rather than a limit on the amount of recov-

ery. This crucial distinction vitiates the Keefers' position and is explained by the following history.

Prior to 1962, the doctrine of governmental immunity exempted governmental entities from tort liability arising out of the negligence of a governmental employee. *See Pavlik v. Kinsey,* 81 Wis.2d 42, 48–49, 259 N.W.2d 709, 711 (1977); *see generally Holytz v. City of Milwaukee,* 17 Wis.2d 26, 115 N.W.2d 618 (1962). But while the governmental entities themselves were immune from liability, our supreme court recognized as early as 1904 that individual governmental employees might be subject to tort liability under certain conditions. *Lowe v. Conroy,* 120 Wis. 151, 158–59, 97 N.W. 942, 945 (1904); *see also Pavlik* at 49, 259 N.W.2d at 711.

To protect public officers[4] from personal responsibility for judgments arising out of their official duties, the legislature, by ch. 377, Laws of 1943, created sec. 270.58, Stats., now sec. 895.46(1), Stats.[5] The statute currently requires the governmental entity to pay damages and costs in excess of any insurance applicable to the employee. Sec. 895.46(1).

In sum, prior to 1962, the governmental entity had tort liability immunity, but its employee had immunity only under certain conditions. When the individual employee was found liable, the governmental entity was obliged to protect him from monetary loss.

In 1962, however, *Holytz v. City of Milwaukee,* 17 Wis.2d 26, 115 N.W.2d 618 (1962), abolished the doctrine of governmental immunity by removing the state's defense of nonliability for torts. *Id.* at 41, 115 N.W.2d at 626. There, our supreme court acknowledged that the legisla-

---

[4] This protection was extended to public employees as well by ch. 603, Laws of 1965.

[5] The statute has been amended several times. Its history may be found in *Horace Mann Insurance Co. v. Wauwatosa Board of Education,* 88 Wis.2d 385, 389–91, 276 N.W.2d 761, 764–65 (1979).

ture was free to reinstate immunity or to "impose ceilings on the amount of damages. . . ." *Id.* at 40, 115 N.W.2d at 625.

The legislative response went beyond the holding of *Holytz*. Chapter 198, Laws of 1963, which created sec. 331.43, Stats. (the essence of sec. 893.80, Stats. (1979)), not only set forth the limits of immunity for both governmental entities and their employees, it also set a recovery limit of $25,000 upon "any action founded on tort against any . . . governmental subdivision or agency thereof and against their officers, officials, agents or employes for acts done in their official capacity or in the course of their agency or employment. . . ." While the recovery limit has since been raised to $50,000, the current provision is, for our purposes here, substantially unchanged. *See* sec. 893.80(3).

While it is true that *Holytz* "did not restate or attempt to supersede the existing common law in respect to the individual liability of public employees," *Pavlik*, 81 Wis.2d at 49, 259 N.W.2d at 711, the legislative response to *Holytz* altered not the liability of but the amount of recovery available from the individual employee. We cannot agree, then, with the trial court's interpretation that "[w]hen . . . a governmental employee . . . is sued in his individual capacity, he comes before the court as a private citizen and without any of the protections or limitations of sec. 893.80, Stats." We conclude that the plain language of sec. 893.80(3), Stats. (1979), limits recovery from a governmental employee to the statutory amount, here, $25,000.[6]

---

[6] Because they were not raised on this appeal, we expressly do not reach any questions which there may be concerning the applicable version of sec. 893.80, Stats., or any multiple recoveries for multiple plaintiffs.

Accordingly, we reverse that part of the trial court's order denying State Farm's motion for summary judgment on the question of the applicability of sec. 893.80(3), Stats. (1979), to claims made against defendant St. John. We remand the cause to the trial court for further proceedings not inconsistent with this opinion.

*By the Court.*—Order affirmed in part; reversed in part and cause remanded.